JOHN B. SCHENCK and HENRY B. SCHENCK, Respondents, *v.* JOHN ANDREWS, Appellant.

The provisions of section 2 of act of 1853 (chapter 333 of the Laws of 1853), amending the act of 1848 (chapter 40 of the Laws of 1848), authorizing the formation of corporations for manufacturing and other purposes, does not authorize the issue of stock, in addition to the capital stock stated in the certificate of organization, and any increase thereof made pursuant to the act of 1848. It simply authorizes the payment for such stock, in property necessary for the business of the company instead of in cash; and under its provisions the whole capital stock can be paid for in property, and when so paid for, the owner thereof is not liable to the creditors of the company under section 10 of the act of 1848.

(Argued November 27th, 1871; decided December 5th, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment of the city court of Brooklyn, sustaining demurrer to defendant's answer.

The complaint alleges an indebtedness to plaintiff from the Empire Planing and Molding Mill Company, a corporation organized under the act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes, passed February 17th, 1848, and the several acts amendatory thereof, and the recovery by plaintiffs of a judgment for such indebtedness against said corporation.

It then alleges, and the plaintiffs seek to make defendant liable as a stockholder, on the ground that the capital stock was never paid in, and that there was no certificate filed of such payment.

The answer shows that a certificate of incorporation was filed. That " after the formation of said corporation, the trustees thereof purchased a manufactory in the city of Brooklyn, and other property necessary for their business for .$100,000, the value thereof (and the full amount of the capital), and did issue the whole of said capital stock to the vendor thereof for such manufactory and property," etc., etc., " which

stock, so issued, was declared by said company, and was taken by said vendor as full paid stock," and that a certificate, in accordance with the fact, was filed.

A copy of the resolution of the trustees is annexed; also a copy of the certificate filed in accordance with the facts.

The answer was demurred to, on the ground that the same does not state facts sufficient to constitute a defence. The demurrer was over-ruled, and judgment given for plaintiffs on such demurrer for $1,098$\frac{25}{100}$, from which defendant appeals.

The only grounds on which the plaintiffs seek to fix the liability of defendant, for the amount of the judgment recovered against the company is, that the stock was not paid in, and that no certificate of such payment was filed. (Act of 1848, § 10; 2 R. S., 5th ed., p. 660, § 32.) That statute required the stock to be paid in cash.

By the act " to amend an act to authorize the formation," etc., etc., passed June 7th, 1853, it is provided:

Section 2. That " the trustees of such companies may purchase mines, manufactories, and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor. And the stock, so issued, shall be taken as full stock, neither shall the holders thereof be liable for any further payments under the tenth section of said act. But in all statements and reports of said company to be published, this stock shall not be stated or reported as being issued for cash paid into the company, but shall be reported in this respect according to the fact." (2 R. S., 5th ed., 660, § 33.)

*A. J. Parker*, for appellant. The answer sets up a literal compliance with the act of 1853, and is a complete defence. (2 R. S., 5th ed., 660, § 33.) The answer does not set up a counter-claim or new matter, and is not demurrable. (*Land* v. *Seaman's Bank*, 37 Barb., 129; *Rice* v. *O'Connor*, 10 Abb., 362; *Ketchum* v. *Zerega*, 1 E. D. Smith, 553; *Smith* v. *Grumin*, 2 Sandf., 702; *Davy* v. *Betts*, 23 How., 396; *Stodard* v. *Onondaga Conference*, 12 Barb., 573.)

*H. C. Place*, for respondents.

GROVER, J.    After the recovery of a judgment against the corporation for the price of merchandise sold to it, and the return of an execution issued thereon unsatisfied, the plaintiffs seek, in the present action, to recover of the defendant, a stockholder in the corporation, the amount of their debt against it.    To the complaint the defendant has interposed an answer as a defence, to which the plaintiffs have demurred, upon the ground that the facts stated therein do not constitute any defence to the action.    This raises the question whether, assuming the truth of the facts stated in the answer, they constitute a defence.    The answer states, in substance, that the defendant was and is the owner, by transfer to him, of upward of $30,000 of stock of the corporation, which is parcel of $100,000 of stock issued by the trustees to Elias T. Hatch, in payment for a manufactory in the city of Brooklyn, and other property necessary for the business of the corporation, purchased of him, which stock so issued was declared by the company, and was taken by the vendor, as full paid stock. That the said $100,000 so issued was the entire stock of the company.    That the property so purchased was of the fair value of $100,000.    The answer further states that the requisite certificate of the purchase, and payment thereon of the stock, was, before the purchase of the merchandise of the plaintiffs, filed, etc., in the clerk's office of the county where the business of the company was carried on.    The counsel for the plaintiffs insists that, notwithstanding these facts, he is still entitled to judgment against the defendant for his debt, by virtue of the provisions of sections 10 and 14 of the act of 1848 (Laws of that year, 56, 57), under which act the company was incorporated.    Section 10 provides, that all the stockholders, of every company incorporated under the act, shall be, severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of the stock held by them, respectively, for all debts and contracts made by the company, until the whole amount of stock, fixed and limited by the company, shall have been paid in, and a certificate thereof shall be

made and recorded as required by the act. Section 14 provides, that nothing but money shall be considered as payment of any part of the capital stock. Had there been no subsequent legislation upon the subject, the right of recovery by the plaintiff would have been clear, but in 1853 the Legislature passed an act (Laws of that year, 705), amending the act of 1848. Section two of the latter act provides, that the trustees of such company may purchase mines, manufactories, and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be declared and taken to be full stock, and not liable to any further calls, neither shall the holders thereof be liable for any further payments, under the provisions of the tenth section of the said act, but in all statements and reports of the company, this stock shall not be stated or reported as being issued for cash paid into the company, but shall be reported in this respect according to the fact. It is entirely clear, that this section designed to exonerate the holders of stock thereby authorized, from the liability to the creditors of the company imposed by section 10 of the act of 1848. But it is insisted by the counsel for the plaintiffs, that section 2 of the act of 1853, has no application to the stock fixed and limited by the articles of association. That that stock is the capital stock of the company, and can only be paid in cash, as provided by section 14 of the act of 1848. That the effect of section 2 of the act of 1853, is only to authorize the issue of new stock in addition to that specified in the articles, which new stock may be issued in payment of necessary property purchased by the company, and that as it appears from the answer, that the stock owned by the defendant was not new and additional stock, but parcel of that specified in the articles, he is liable to the creditors of the company under section 10 of the act of 1848. But section 2 will not admit of such a construction. By it power is conferred upon the trustees, to issue the stock of the company in payment for necessary property purchased. Section 1 of the act of 1848,

requires, that the certificate to be signed by the associates shall, among other things, state the amount of the capital stock of the company. Section 20, and subsequent sections of the act provide for a subsequent increase of this amount of capital stock. The amount stated in the certificate, and the increase thereof, as provided in the sections last referred to, is all the stock the company has the power to issue. All of this is declared to be capital stock. The act of 1853 does not authorize the issue of any stock in addition to the capital stock stated in the certificate, and any increase thereof made pursuant to the provisions of the act of 1848, but simply authorizes, paying for this stock in property necessary for the business of the company, at its fair value, instead of cash as required by section 14 of the act of 1848. When so paid for in either mode, the owner is not liable to the creditors of the company, under section 10 of the latter act, until paid for in one or the other mode, the owner is liable under section 10, to the creditors of the company. Whether the property purchased was necessary to the business of the company, and whether the price paid therefor was no more than its fair value, are questions of fact, to be determined like other similar questions if controverted. The certificate of these facts filed, etc., pursuant to the act, are not made conclusive evidence of the facts in question. In the present case, the demurrer admits them to be true, and if true, the defendant is not liable to the creditors of the company under section 10 of the act of 1848. The General Term erred in affirming the judgment of the City Court of Brooklyn, sustaining the demurrer to the answer, and the judgment of both must be reversed, and judgment given for the defendant thereon, with leave to the plaintiffs to withdraw the same upon payment of the costs of the defendant in this and the courts below.

All concur.

Judgment accordingly.