George P. Rowell et al., Appellants, *v.* Joseph E. Janvrin, Respondent.

1. Pleading — Statute — Proviso. In stating a cause of action arising upon an enacting clause of a statute, containing an exception, the exception should be negatived by the complaint; but a proviso, contained in another part of the statute, or in a subsequent statute, need not be so negatived.

2. Amendment to Statute — Proviso. When a statutory enactment is modified by engrafting upon it a new provision, by way of amendment, providing conditionally for a new case, such modification is in the nature of a proviso.

3. Manufacturing Corporations — Stockholders' Liability — Exemption — Pleading. The complaint in an action to enforce a stockholder's liability for the debts of a corporation, under section 10 of the Manufacturing Act of 1848 (Ch. 40), upon the ground that no certificate of payment of the capital stock was ever made or filed, need not negative the exemption from such liability created by the amendment of 1853 (Ch. 333) in the case of stock issued for the purchase of property; but it is for the defendant to aver and prove that the case is one falling within the amendment.

4. Indefiniteness of Complaint. It is not essential to the statement of a cause of action to enforce a stockholder's liability under section 10 of

the Manufacturing Act of 1848, that the complaint should state the amount of stock held by the defendant ; and, although the omission of such statement subjects the complaint to the objection of indefiniteness and uncertainty, it does not, of itself, furnish a ground for demurrer or for a motion to dismiss at the trial.

*Rowell* v. *Janvrin,* 79 Hun, 614, reversed.

(Argued October 26, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered June 19, 1894, which affirmed a judgment in favor of defendant, entered upon a decision of the court dismissing the complaint upon trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Philip Carpenter* and *Edward Hassett* for appellants. The law requires the filing of a certificate when the stock is issued in payment for property, as well as when paid in cash. The complaint, alleging the non-filing of such a certificate, is, therefore, sufficient. (L. 1848, ch. 40, §§ 10, 11, 14 ; L. 1853, ch. 333, § 2 ; *Schenck* v. *Andrews,* 46 N. Y. 589 ; *Boynton* v. *Hatch,* 47 N. Y. 225 ; *People ex rel.* v. *Palmer,* 52 N. Y. 88 ; *Woods* v. *Bd. of Suprs.,* 136 N. Y. 403 ; *Coxe* v. *State,* 144 N. Y. 396 ; Kerr on Business Corp. 141, § 51 ; L. 1892, ch. 688, § 42 ; *Boynton* v. *Andrews,* 63 N. Y. 93 ; *Griffeth* v. *Green,* 129 N. Y. 517 ; *Veeder* v. *Mudgett,* 95 N. Y. 295 ; *L. S. I. Co.* v. *Drexel,* 90 N. Y. 87 ; *N. T. W. Co.* v. *Gilfillan,* 124 N. Y. 302.) A complaint sufficiently alleging a cause of action against a stockholder, under the act of 1848 — namely : the non-filing of a certificate — need not negative the possible defense under the proviso of 1853, namely, that the defendant's stock was issued in payment for property, necessary for the business of the company, at its value. (*Harris* v. *White,* 81 N. Y. 532 ; *U. S.* v. *Cook,* 17 Wall. 168 ; *Steel* v. *Smith,* 1 B. & A. 99 ; *Spiers* v. *Parker,* 1 Term Rep. 141 ; *Sheldon* v. *Clark,* 1 Johns. 513 ; *Bennet* v. *Hurd,* 3 Johns. 438 ; *Hart* v. *Cleis,* 8 Johns. 41 ; *Fleming* v. *People,* 27 N. Y. 329 ;

*Clark* v. *Clark*, 5 Hun, 340 ; *People* v. *Kibler*, 106 N. Y. 321.) The omission of the complaint to negative the issuance for property was cured by the allegations in the answer of the same subject-matter, as an affirmative defense, and the plaintiffs' traverse thereof. (Code Civ. Proc. § 522 ; Abb. Tr. Brief, 557, § 656 ; Bliss on Code Pl. [3d ed.] § 437 ; *Raplee* v. *Wilkin*, 5 N. Y. Wkly. Dig. 560 ; *Mothley* v. *Hammond*, 13 Bush [Ky.], 510 ; *Quaid* v. *Cornwall*, 13 Bush [Ky.], 601 ; *Bate* v. *Graham*, 11 N. Y. 237 ; *Pratt* v. *H. R. R. R. Co.*, 21 N. Y. 305 ; *Haddow* v. *Lundy*, 59 N. Y. 320 ; *Crans* v. *Hunter*, 28 N. Y. 389 ; *Cohu* v. *Husson*, 113 N. Y. 662 ; *Munger* v. *Shannon*, 61 N. Y. 251 ; *Miller* v. *White*, 4 Hun, 62.) The allegation in the complaint, that the defendant holds stock in the company, is sufficient. It is not necessary to allege the exact number of shares held. (*Bell* v. *Merrifield*, 109 N. Y. 202.)

*Dickinson W. Richards* for respondent. In an action to charge a defendant with liability as a stockholder for the debts of a corporation under the act of 1848 and its amendments, the plaintiff must allege all the facts on which the stockholder's liability depends. (*Hirshfeld* v. *Bopp*, 145 N. Y. 84 ; *Griffeth* v. *Green*, 129 N. Y. 517, 521 ; *Chase* v. *Lord*, 77 N. Y. 1, 6 ; *Marshall* v. *Sherman*, 148 N. Y. 9 ; Cook on Stock & Stockholders, § 214 ; Morawetz on Priv. Corp. §§ 869, 905.) Under the Manufacturing Act of 1848 and its amendments no liability is imposed upon the holders of stock issued for property by reason of the non-filing of a certificate of payment. (*L. S. I. Co.* v. *Drexel*, 90 N. Y. 92 ; *Brown* v. *Smith*, 13 Hun, 408 ; 80 N.Y. 650 ; *Close* v. *Noye*, 147 N. Y. 597.) To establish liability on the part of the holder of stock issued for property, plaintiff must allege and prove fraud in the issue of the stock. (*Douglass* v. *Ireland*, 73 N. Y. 104 ; *Schenck* v. *Andrews*, 57 N. Y. 148 ; *L. S. I. Co.* v. *Drexel*, 90 N. Y. 92 ; *Powers* v. *Knapp*, 85 Hun, 38 ; *N. T. W. Co.* v. *Gilfillan*, 124 N. Y. 302.) The allegations of the complaint, being simply that no certificate was filed, the presumption is that the stock was

issued for property, for it is a general principle of law that the action of a corporation is presumed to be regular and proper until the contrary is proved. (*Continental N. Bank* v. *Strauss*, 137 N. Y. 148; *Griffeth* v. *Green*, 129 N. Y. 517; *Chase* v. *Lord*, 77 N. Y. 1, 6; Morawetz on Priv. Corp. § 905; *Nelson* v. *Eaton*, 26 N. Y. 410, 415; Cook on Stock & Stockholders, 20, § 13; *Douglass* v. *Ireland*, 73 N. Y. 103.) Plaintiffs' attempt to sustain their complaint by claiming aider from the allegations of the answer is not well founded. (*Scofield* v. *Whitelegge*, 49 N. Y. 259; Abb. Tr. Brief, § 651.) The complaint is fatally defective in that it does not state the amount of stock held by the defendant. (*Chambers* v. *Lewis*, 28 N. Y. 458; 1 Rumsey's Practice, 289; *Bohlen* v. *M. E. R. Co.*, 121 N. Y. 546; *Volkening* v. *DeGraaf*, 81 N. Y. 272.) If a complaint does not state facts sufficient to constitute a cause of action, a motion to dismiss must be granted. The defect in the complaint was not waived because the objection was not taken by demurrer or answer. (*Tooker* v. *Arnoux*, 76 N. Y. 397; *Pope* v. *T. H. C. & M. Co.*, 107 N. Y. 66; Code Civ. Proc. § 499; *Sheridan* v. *Jackson*, 72 N. Y. 172; *Kley* v. *Healy*, 127 N. Y. 559.)

O'BRIEN, J. This was an action against a stockholder of a corporation organized under the Manufacturing Act of 1848 to enforce a debt of the corporation, upon the ground that no certificate that the capital stock had been paid in was ever made or filed as required by the tenth and eleventh sections of the act. The complaint was dismissed at the trial on the ground that it did not state facts sufficient to constitute a cause of action, and this ruling, and the exception taken by the plaintiff, raises the only question that need now be considered.

The complaint alleges that the certificate required by the sections of the act above referred to was not filed or recorded, but it was held that this allegation was not sufficient to charge the defendant. While the complaint alleges generally that the defendant was a stockholder, there is no statement as to

the amount or number of shares that he held, and this was another defect which was stated in the motion to dismiss. No other objection appears to have been made to the sufficiency of the complaint, and no other features of the pleading are attacked, and the discussion is, therefore, confined to these two points.

The more substantial ground upon which the defendant succeeded in the courts below was that the complaint failed to state whether the stock was issued for cash or for property. It is said that if the stock was issued for property there was no duty or obligation to file any certificate whatever, while if issued for money, then the statute applied, but the plaintiff was bound to state a case in his pleading which brought the defendant within the statute.

This contention calls for a construction of the statute upon which the action is based. The tenth section of the act of 1848 provides that the stockholders of such company shall be severally liable to the creditors to an amount equal to the stock held by them for all debts and contracts of the company until the whole amount of capital stock fixed and limited by the company shall have been paid in, and a certificate thereof made and recorded as provided in the following section, and the capital stock shall all be paid in, one-half within one year, and and the other half within two years from the incorporation, or the company shall be dissolved. The next section prescribes the form of the certificate, and the officers who are to make and file the same. The fourteenth section declares that nothing but money shall be considered as payment of any part of the capital stock.

It will be seen from these provisions of the statute as originally enacted that the complaint in this case states sufficient facts to create the liability then imposed upon the stockholders. But by chapter 333 of the Laws of 1853 the act of 1848 was amended generally without naming any particular section. It is upon this amendment that the learned counsel for the defendant has constructed an argument that has met with

signal success in the ·courts below. That statute reads as
follows :

"Sec. 2. The trustees of such company may purchase mines,
manufactories and other property necessary for their business,
and issue stock to the amount of the value thereof in payment
therefor ; and the stock so issued shall be declared and taken
to be full stock, and not liable to any further calls; neither
shall the holders thereof be liable for any further payments
under the provisions of the tenth section of the said act; but,
in all statements and reports of the company to be published,
this stock shall not be stated or reported as being issued for
cash paid into the company, but shall be reported in this
respect according to the fact."

The nature and ground of the stockholders' liability under
this amendment has been much discussed, and on this point
perhaps the cases are not all in harmony. (*Boynton* v.
*Andrews*, 63 N. Y. 93; *Boynton* v. *Hatch*, 47 N. Y. 225;
*Schenck* v. *Andrews*, 46 N. Y. 589; *S. C.*, 57 N. Y. 133;
*Griffeth* v. *Green*, 129 N. Y. 517; *Veeder* v. *Mudgett*, 95
N. Y. 295; *Nat. Tube Works Co.* v. *Gilfillan*, 124 N. Y.
302.)

It is perhaps true that in some of the above cases it was
assumed that, in order to protect the stockholder from liability,
it was as necessary to file the certificate when the stock was
issued for property as when sold for cash. But that precise
question was not involved in any of these cases, nor was the
question of pleading with which we are now concerned.

But whatever conflict of opinion is to be found in some of
the earlier cases with respect to the stockholder's liability from
the mere fact of the failure to file the certificate, we think the
question is no longer an open one in this court.

It was held in *Brown* v. *Smith* (13 Hun, 408) that failure
to file the certificate where the stock was issued for property
was in itself no ground of liability, and that, since the amend-
ment of 1853, the statute did not require a certificate to be
filed in such cases.

9

This court affirmed the judgment in that case upon the opinions below. (80 N. Y. 650.) The same construction has been given to the statute in a recent case. (*Close* v. *Noye*, 147 N. Y. 597.) The liability still exists, however, in cases where the stock is issued for property at an excessive, fraudulent or fictitious valuation, to the knowledge of the trustees, and for the purpose of evading the statute. (*Douglass* v. *Ireland*, 73 N. Y. 100; *Lake Superior Iron Co.* v. *Drexel*, 90 N. Y. 87; *Jessup* v. *Carnegie*, 80 N. Y. 441; *Huntington* v. *Attrill*, 118 N. Y. 365.)

Whether this rule of liability is confined to the trustees who caused the stock to be issued and to such stockholders as are chargeable with knowledge of the fraud, or applies even to innocent holders for value, is a question perhaps not entirely free from doubt, but not involved here and need not be decided. (1 Beach on Private Corporations, § 131c.)

The liability in such cases, whatever limitations may be attached to it with respect to parties, does not arise, and is not founded upon the omission to file the certificate, but rests upon a violation of the statute which prescribes the conditions upon and the circumstances under which the capital stock may be issued for property.

But it does not follow that because stock issued by a manufacturing corporation for property is not within the tenth section of the act of 1848, requiring the certificate to be filed, that the complaint in this action is defective. The act of 1853 has modified the general provisions of the act of 1848, and has relieved stockholders under certain circumstances from personal liability. The question here is one of pleading, and the complaint is good unless the plaintiff was bound to negative the provisions of the amendment of 1853. In stating a cause of action arising upon a statute, it is an ancient rule that where an exception is incorporated in the body of the clause of a statute, he who pleads the clause ought to plead the exception. But where there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he may plead the clause and leave it to his adversary to show the

proviso. *(Jones* v. *Axen,* 1 Ld. Raym. 120.)    This rule of pleading has been followed and applied in a great variety of cases arising upon statutes and contracts to this day. (*Harris* v. *White,* 81 N. Y. 532; *U. S.* v. *Cook,* 17 Wall. 168; *Com.* v. *Hart,* 11 Cush. 130; *Sheldon* v. *Clark,* 1 Johns. 513; *Bennet* v. *Hurd,* 3 Johns. 438; *Teel* v. *Fonda,* 4 Johns. 304; *Hart* v. *Cleis,* 8 Johns. 41; *Fleming* v. *People,* 27 N. Y. 329; *People* v. *Kibler,* 106 N. Y. 321; *People* v. *Briggs,* 114 N. Y. 56.) The whole controversy presented by the appeal really turns, therefore, upon the question whether the amendment of 1853 is to be treated as an exception or a proviso. If the latter, the plaintiff was not bound to anticipate it by negative allegations in his complaint, but might leave it to his adversary as matter of defense.

The reason upon which this rule of pleading rests seems to be that when a party counts upon the enacting clause of a statute containing an exception, as the foundation of his action, he cannot logically state his case unless he negative the exception.    But if the modifying words are no part of the enacting clause, but are to be found in some other part of the statute, or in some subsequent statute, it is otherwise, and he may then state his case in the words of the enacting clause, and it will be *prima facie* sufficient.    When we bear in mind the reason of the rule and the necessity for pleading the negative, it is not very important to deal with the somewhat vague and shadowy distinctions, which are to be found in the books, between an exception and a proviso.    But the distinction, however difficult to state, has always been recognized.

An exception exempts something absolutely from the operation of a statute by express words in the enacting clause; a proviso defeats its operation conditionally.    An exception takes out of the statute something that otherwise would be part of the subject-matter of it; a proviso avoids them by way of defeasance or excuse. (Black's Law Dict. 960; 2 Bouv. Law Dict. 483, Proviso; *Minis* v. *United States,* 15 Pet. 421.)    The plaintiff has stated a case under the tenth section of the original act.    When that was passed it con-

tained no exception and remained in that condition for five years till the passage of the amendment of 1853. An exception is, generally, part of the enactment itself, absolutely excluding from its operation some subject or thing that otherwise would fall within its scope. But when the enactment is modified by engrafting upon it a new provision, by way of amendment, providing conditionally for a new case, it is in the nature of a proviso.

The statute of 1853 has all these characteristics. It was passed five years after the enactment which it modified. It was not an absolute permission to issue the stock for property generally, but only such property as was necessary in the corporate business, and the amount of stock to be thus issued could not lawfully exceed the fair value at which it should honestly and in good faith be estimated by the directors./ The amendment took out of the original act a special case, and provided specially for such a case. It engrafted a limitation upon the broad and general language which the legislature had originally employed in constructing the tenth section, and that, as we understand, is the main office of a proviso. (*In re Webb*, 24 How. Pr. 247; Potter's Dwarris on Stat. 118.) It had the same effect as if it was attached to the original section and was preceded by the usual words, " Provided, however, etc."

If this view is correct, it follows that the plaintiff was not bound by the strict rules of pleading to negative the proviso. He could state a case within the terms of the original enactment and leave the defendant to take the case out of it by pleading the facts constituting the special case provided for by the amendment.

We have seen that an exception in a statute is something embodied in and forming a part of the enacting clause itself, and nothing of that kind is found in the tenth section upon which the complaint was framed. If words follow the enacting clause or are subsequently attached to it or engrafted upon it by way of amendment which modifies or changes its scope and application or takes a particular case out

of it, then such new matter or modifying words constitute what is technically known in the construction of statutes as a proviso which the plaintiff was not bound to negative by pleading (*Spieres* v. *Parker*, 1 Term Rep. 141; *King* v. *Bryan*, 2 Str. 1101; *Steel* v. *Smith*, 1 B. & Ald. 95), and it was, therefore, for the defendant to aver and prove that the case was one falling within the terms of the amendment of 1853. It appears from the record that this was the view which the defendant's counsel took of the case, since he has pleaded in his answer that the stock was issued for property, thus availing himself of the terms of the amendment or proviso, and in that way avoiding the statutory liability for failing to file the certificate which the original law required, but which the amendment did not, according to the construction which the courts have given to it.

But before the complaint was dismissed some proof should have been given of the facts so pleaded. When the allegations of the answer were sustained by proof of the fact that the stock was issued, not for cash, but for property, then the defense would be complete unless the plaintiff gave proof tending to show either that the property was not such as pertained to the business, or that it was deliberately overvalued for the fraudulent purpose of evading the statute. It would not be enough to show that there was an honest error of judgment on the part of the trustees in fixing the value, but it must be shown that they acted in bad faith. We conclude, therefore, that in this respect the complaint was sufficient.

The other objection is, we think, untenable. The complaint, it is true, does not state the amount of stock that the defendant held in the company, though judgment is demanded for the amount of the debt. The shareholder is liable under the statute only to the amount of his stock, and, consequently, it does not appear from the complaint to what extent the defendant is liable. But it states that he was a stockholder at the time the debt was contracted, and continued to be down to a time within two years prior to the commencement of the action. This is a sufficient allegation that during these times

he held at least one share of the stock. The complaint is certainly open to the objection that it is indefinite and uncertain, but this defect can be taken advantage of only by way of motion. It is no ground of demurrer or for a motion to dismiss at the trial. A complaint may be indefinite and uncertain, as this is, and at the same time contain facts sufficient to give the plaintiff a standing at the trial or to defeat a demurrer. It is always in the power of the court in such cases to compel the plaintiff to correct his pleading in order to apprise his adversary of the extent of the claim, as well as the grounds thereof, and that, we think, was the remedy which the defendant should have resorted to for the defect in this respect.

The facts stated in the complaint are, for all the purposes of this appeal, to be deemed admitted, and we think it cannot be held that they do not *prima facie* constitute a cause of action.

For these reasons the judgment dismissing the complaint without requiring the defendant to give any proof should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.