## Supreme Court—Appellate Division—Second Department.

October 3, 1899.

## PEOPLE v. KANE.

1. CRIMINAL LAW—INDICTMENT.

Under the provisions of section 1551 of Greater New York charter, the pleader should aver facts showing that the person charged was an officer of the city government; that he willfully violated or evaded a provision of law, or committed a fraud upon the city, or converted public property to his own use, or knowingly permitted another person so to convert it, or, by gross or culpable neglect of duty, allowed the property of the city to be lost.

2. SAME.

When a given act is attacked, it rests upon the asserting party to distinctly negative the affirmative condition created by the presumption.

3. SAME.

The provisions of sections 413, 419 contemplate two classes of contracts,—one where the work to be performed or the supply furnished shall not exceed $1,000, and the other where it does exceed such sum. In the former there is no requirement for a written contract, and no bidding is contemplated; in the latter, such requirements are mandatory.

4. SAME—EXCEPTION.

If an exception occurs in the description of the offense in a statute, the exception must be negatived, or the party will not be brought within the deecription.

**5. SAME—SEPARATE COUNTS.**

While the Code of Criminal Procedure provides that the crime may be charged as having been committed in a different manner and by different means, yet, where resort is had to this method of pleading, it must be by separate counts.

**6. SAME—INSUFFICIENT.**

It is the act creating the charge, coupled with the intent to commit a fraud, which constitutes the offense defined in section 1551 of the charter; and it mrtters not that such acts fail of consummation, and the city suffers no damage therefrom, The count of an indictment is destitute of allegaticn or words charging that the acts of the defendant created a charge against the city, or that it was one of the steps by which a charge might be created, or that the city could become liable to pay such or any claim by reason of the approval of such bills, is insufficient.

APPEAL from judgment, sustaining a demurrer to the indict ment.

Hiram R. Steele, District Attorney, for the People.

Robert H. Elder, for respondent.

HATCH, J.—The learned judge below has so carefully examined the indictment which is the subject of this appeal that our labor is much reduced in disposing of the questions raised. We agree in the disposition of the case which has been had, and in the main with the reasons assigned in the convincing opinion which accompanied the judgment. The principles which must govern in the construction of this indictment are fairly well supported by authority, and are more or less familiar. The indictment is framed upon section 1551 of the Greater New York charter (Laws 1897, ch. 378), which is as follows:

"Any officer of the city government, or person employed in its service, who shall willfully violate or evade any of the provisions of law, or commit any fraud upon the city, or convert any of the public property to his own use, or knowingly permit any other person so to convert it, or by gross or culpable neglect of duty allow the same to be lost to the city, shall be deemed guilty of a misdemeanor, and, in addition to the penalties imposed by law, and on conviction, shall forfeit his office,

and be excluded forever after from receiving or holding any office under the city government; and any person who shall willfully swear falsely in any oath or affirmation required by this chapter shall be deemed guilty of perjury."

It is evidently essential, under the provisions of this statute, for the pleader to aver facts showing that the person charged was an officer of the city government; that he willfully violated or evaded a provision of law, or committed a fraud upon the city, or converted public property to his own use, or knowingly permitted another person so to convert it, or, by gross or culpable neglect of duty, allowed the property of the city to be lost. If the pleader has stated a case showing that the defendant has committed any one of these acts, or all of them, if associated by averment proper in form, then he will have made a case which requires the defendant to plead thereto upon the merits. The offense, however, must be stated, and, to accomplish that end, nothing is to be taken by way of intendment, as the presumption is that every man obeys the law; and, when a given act is attacked, it rests upon the asserting party to distinctly negative the affirmative condition created by the presumption.

In the main, the pleader in the present case has attempted to bring the defendant within the terms of the act creating the offense, by setting forth that, in his capacity as commissioner of sewers of the city of New York, he violated a provision of law in contracting for the performance of certain city work without having taken the steps required by law to regularly contract for the same. While the indictment is subdivided into parts, yet the pleader evidently intended to charge but one offense. The first averment to show that the defendant willfully violated a provision of law is founded upon the requirement contained in section 419 of the charter. By the terms of that section it is provided :

"All contracts to be made or let for work to be done * * * except as in this act otherwise provided * * * shall be made by the appropriate heads of departments under such regulations as shall be established by ordinance or resolution of the municipal assembly. Whenever any work is necessary to be

done * * * or any supply is needful * * * and the several parts of the said work or supply shall, together, involve the expenditure of more than one thousand dollars, the same shall be by contract, under such regulations concerning it as shall be established by ordinance or resolution of the municipal assembly * * * and all contracts shall * * * except as herein otherwise provided, be founded on sealed bids or proposals, made in compliance with public notice, duly advertised. * * * The bidder whose bid is accepted shall give security for the faithful performance of his contract."

By section 413 of the charter it is provided:

"Except as herein otherwise provided, any public work or improvement within the cognizance and control of any one or more of the departments of the commissioners who constitute the board of public improvements, that may be the subject of a contract, must first be duly authorized and approved by a resolution of the municipal assembly."

It is clearly evident that the provisions of these sections contemplate two classes of contracts,—one where the work to be performed or the supply furnished shall not exceed $1,000, and the other where it does exceed such sum. In the former there is no requirement for a written contract, and no bidding is contemplated; in the latter, such requirements are mandatory. To offend against such a statute, it must appear what the contract was, and wherein the law is violated. It is clear that, if the contract price is less than $1,000, such contract is excepted from the operation of the law requiring it to be let after bidding. As the provision is general, requiring sealed bids before a contract can be made, and applies to all contracts above $1,000, so those contracts below that sum constitute an exception thereto. Such is the express language of section 413 ("Except as herein otherwise provided") and section 419. By the statute creating the exception, therefore, the pleader was required to show, if he claims that the contract was one which required sealed bids, and was for the expenditure of a sum above $1,000, that the contract was not within the exception; otherwise, no offense is stated. "If an exception occurs in the description of the offense in the statute, the exception must be

negatived, or the party will not be brought within the description." Broom. Leg. Max. (8th ed.) 678. This rule of pleading has been recognized from the earliest times; and while great difficulty may sometimes attend upon the determination of whether the matter in the statute constitutes the same a proviso, when the rule is otherwise, and the pleader is not required to state it or negative it, or an exception, yet, when the latter is found to be the fact, the rule is uniform and absolute that it must be pleaded or the pleading fails. Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398.

The provision in this statute as to contracts not exceeding $1,000 is an exception to those contracts requiring sealed bids and proposals. Consequently we must see if the pleader has negatived it. Turning to the indictment, where the offense against this section is claimed to be averred, we find:

"First. That the said James Kane, while an officer of the city government of the city of New York, aforesaid, to wit, commissioner of sewers, did on the 4th day of January, 1898, award the work of cleaning the receiving basins connected with, and forming a part of, the sewer system of the borough of Brooklyn and city of New York, to one George Cunningham, and did employ the said George Cunningham to perform such work at the price of four dollars and seventy-five cents per basin, which was grossly in excess of the value thereof, without advertisement, or procuring sealed bids or proposals for such work, or otherwise inviting competition, and without contract in writing or specifications, and without requiring security for the faithful performance of said contract in the manner prescribed by law."

This averment states no more than to say that the defendant contracted with George Cunningham to perform the work of cleaning sewer basins at the price of $4.75 per basin, without a contract in writing, and without advertisement or sealed bids, and without requiring security for faithful performance. All of this may be admitted, and yet the defendant act clearly within the law, and with the most scrupulous regard for the interests of the city. If the work did not exceed $1,000 (and there is not a word to show that it did, either in terms or of ne-

cessity), then what he did he had the clear right to do. Swift
v. Mayor, etc., 83 N. Y. 529. It follows that no offense is
stated in this paragraph of the indictment.

The second paragraph is equally faulty, for the reasons al-
ready assigned. This assumes to state a violation of the charter
provision (section 413). As we have seen, the very first word
of this section is "Except;" and evidently where a resolution
is required, as is therein provided, it relates to contracts which
exceed $1,000.

The third clause, dependent upon its construction, may be
bad for two reasons. It avers:

"That the said James Kane, while an officer of the city gov-
ernment of the city of New York aforesaid, to wit, commis-
sioner of sewers, did, on the 4th day of January, 1898, award
the work of cleaning the receiving basins in the borough of
Brooklyn (the same being a part of the sewer system of the
borough of Brooklyn and city of New York) to one George
Cunningham and did employ the said George Cunningham to
perform said work, and did incur the expenditure for said work,
without having the necessity therefor certified by the head of
the appropriate department, to wit, the department of sewers,
and without a certificate that the expenditure had been duly
authorized and appropriated as required by law."

This is based upon the last paragraph in section 419 of the
charter, which reads:

"No expenditure for work or supplies involving an amount
for which no contract is required shall be made, except the ne-
cessity therefor be certified to by the head of the appropriate
department, and the expenditure has been duly authorized and
appropriated."

This clause does not relate to the contract itself. The lan-
guage used excludes it. No expenditure is to be made, except
the necessity be certified, and then only as authorized, and from
an existing appropriation. "Expenditure" is here used in the
sense of "payment." Such is its ordinary signification. No
bill is to be paid unless the amount necessary therefor is ap-
propriated. The apparent object of the provision was not to
prohibit a contract, but to prohibit the expenditure of money

therefor unless the right thereto was certified, and unless the fund existed from which payment might be made. There is no averment showing, in this view, any offense.

As we have before observed, this indictment, although divided into paragraphs, is nevertheless but one count. While the Code of Criminal Procedure provides that the crime may be charged as having been committed in a different manner and by different means (section 279), yet, where resort is had to this method of pleading, it must be by separate counts. The language of section 278 is, "The indictment must charge but one crime and in one form," except as provided in the next section. If any offense was committed under this clause of section 419 of the charter, then it was an offense committed by virtue of contracting for work which did not require sealed bids, etc., as it only relates to such contracts. We meet the same difficulty here that we have encountered before, except that the position is exactly reversed; for here the pleader met with a condition where he was required to plead the other exception, *i. e.*, that it was a contract for which sealed bids, etc., were not required. In this he failed. If it be treated, as it must be, if it be anything, that the pleader was attempting to plead the same crime by different means, then it violated the provision of the Code of Criminal Procedure, and is not authorized by any system of criminal pleading of which we are aware. The acts averred in the first and third paragraphs are necessarily inconsistent. The first could only be an offense if a written contract based on sealed bids, etc., was required. The last could only be an offense by excluding and dispensing with the first. In this respect the pleading must fail. We also regard the fourth paragraph as failing to state an indictible offense. We think that this part of the indictment would have been good, as charging fraud upon the part of the defendant, had it alleged that the act of the defendant in approving the bills therein set forth created a charge against the city of New York, whether such act resulted in damage to the city or not. It is the act creating the charge, coupled with the intent to commit a fraud, which constitutes the offense defined in section 1551 of the charter; and it matters not that such acts fail of consummation, and the city

suffers no damage therefrom. This count of the indictment, however, is destitute of allegation or words charging that the acts of the defendant created a charge against the city, or that it was one of the steps by which a charge might be created, or that the city could become liable to pay such or any claim by reason of the approval of such bills. All that the count charges is that the defendant approved certain bills for cleaning sewer basins (stating their amount), well knowing that no contract had been entered into for such work, as required by law, and that such acts were in violation of law, and were done with an intent to commit a fraud upon the city of New York. It is clear, therefore, that no crime was charged. All of these things, if done, could not by any possibility defraud the city; and, if it could not be defrauded by such acts, then certainly the acts themselves did not constitute a fraud, or an attempt to commit a fraud, within the meaning of the law, and no offense is therefore charged in this paragraph of the indictment. Nor is the indictment good as one charging an attempt to commit a crime. That is a distinct offense. Pen. Code, § 34. Where there is an offense stated, the jury may convict of an attempt to commit the crime, when they do not convict upon the main charge. Code Cr. Proc. § 444. But, as we view the indictment, it is not good as charging the offense, nor as charging an attempt to commit the offense.

The judgment should therefore be affirmed. All concur.

CULLEN, J. (concurring).—I think this indictment is insufficient. The defendant was indicted, under section 1551 of the Greater New York charter, for, while an officer of the city government, violating the law, and committing a fraud upon the city, in awarding a contract for cleaning the receiving basins connected with the sewers, for the price of $4.75 a basin, to one George Cunningham, without advertisement or competition, which price is alleged to have been grossly in excess of the value of the work. I think it is wholly unnecessary to discuss the question, often mooted as to criminal pleadings, whether it is necessary to negative an exception in a penal statute, and whether a case excluded from the operation of the statute con-

stitutes an exception within the rule or not. Under no system
of pleading imaginable is it sufficient in an indictment to charge
an act which on its face appears innocent and not forbidden by
law. The sections of the Greater New York charter as to
letting work by contract seem to be exact reproductions of
similar provisions in the consolidation act of 1882 (Laws 1882
c. 410) and the charter of 1873 (Laws 1873, c. 335). The con-
tract set forth in the indictment is for nó particular number of
basins, and was to continue for no particular time. It there-
fore was determinable at will, and did not necessarily involve
any greater expenditure than for a single basin. It was held in
Swift v. Mayor, etc., 83 N. Y. 528, that an indeterminate con-
tract of this character did not fall within the charter provisions
referred to. On the face of the indictment, therefore, the act
done by the defendant, of itself, was innocent, and not criminal.
It is alleged in the second paragraph that Cunningham was em-
ployed to do this work without having the work and expenditure
authorized and approved by a resolution of the board of public
improvements of the city, or by an ordinance of the municipal
assembly, as required by law. I can find no provision of law
that requires either, in the case of an expenditure of less than
$1,000, not by contract. The third paragraph alleges that
by this contract the defendant incurred an expenditure for
said work, without having the necessity therefor certified to
him by the head of the proper department (himself), and with-
out a certificate that the expenditure had been duly authorized
and appropriated as required by law. I agree with Judge
Hatch that this provision of section 419 refers to the payment
of money by the comptroller. It was not a necessary pre-
requisite for the commissioner's action that he should certify to
himself. It is not alleged in the indictment that the expendi-
ture had not been authorized and appropriated according to
law, but that no certificate had been made to that effect. I find
no provision that requires any certificate of the character. A
reference to the last sentence of section 419 of the charter
shows clearly that it is only the necessity of the work that is
to be certified. It may be well at this point to observe a mis-
conception in reference to the charter provisions governing this

work that runs through the counsel's argument, and may have affected the form of the indictment. The work, part of the ordinary maintenance of the department, may have been, and in all probability was, provided for in the budget fixed by the board of estimate; and at the time of the acts alleged to have been committed by the defendant the appropriation for his department depended solely on the action of that board, because of the hiatus between the time the two cities consolidated and the time when the first regular tax levy of the consolidated city should be passed. There is no allegation whatever in the indictment that the obligation for this work was incurred by the defendant in excess of or without any appropriation therefor, but only that there was no resolution of the municipal assembly or the board of public improvements for the purpose. The board of public improvements had, under the charter, general cognizance of the subject-matter of cleaning the sewers; and it may be that, if that board had passed a resolution directing that it be done by contract, it would have been incumbent upon the defendant to have followed that direction. In the absence of any action by the board of public improvements, he had the same power to employ Cunningham as any workman in the department. So much for the violation of express statutory provisions regulating the conduct of the city's business. It may be that the subdivision of the work into quantities sufficient to bring it under the $1,000 limit, and thus avoid competitive contracts, would be an evasion of the charter provisions, and, under the section first cited, an indictable crime. The difficulty is that the indictment does not contain a suggestion of such an offense. In an indictment of that character, assuming that it would lie, there should be an allegation that the officer knew or believed and expected that the aggregate work to be done would exceed $1,000, and that he made the contract indeterminate in form, and as not necessarily involving a greater sum, with the very intent to avoid the charter provision in that respect. An allegation of this character would be the very meat of an indictment for such an offense. Nothing of the kind is alleged. Other allegations might be necessary in the indictment suggested, which it is not for us to now consider. One

has been given merely as an example. I am of opinion that if a public officer knowingly employs or contracts for services at an excessive price, with the intent to favor the individual and injure the city, it would be, of itself, indictable, either as a completed act of fraud, or as an intent to commit a fraud, whether the contractor obtained the money or not. But here, again, the indictment is fatally defective. It charges that Cunningham was employed at a grossly excessive price, but it fails to allege that the defendant knew the price was excessive, or that his intention was to cheat the city in awarding it at such price. The scienter or intent is the very gist of either an indictment or a civil complaint, in a case of fraud. Nor is the case helped out by the allegation of fraud or knowledge in the concluding paragraph of the indictment. There it is alleged that the defendant certified bills in favor of Cunningham for the work done under the contract, knowing that they were in excess of the true value of the work, with intent to defraud the city. It is not alleged or claimed, however, that the bills were in excess of the contract price. It may very well have been that the defendant knew when he certified the bills that they were in excess of the true value of the work; but if they were in accordance with a legal contract, previously entered into in good faith, it was his duty to certify them, whether the prices at which the work had been let were excessive or not. Some of these criticisms on the indictment may seem technical, but a good criminal pleading must necessarily be accurate and logical. No indictment for murder would be good unless it charged the intent to kill, and no detail in the narrative of the offense, showing the cruelty and deliberation with which it was perpetrated, could supply the absence of the allegation of intent, which is the gist of the crime. So in this case we have pointed out what are the essential elements of a proper indictment for fraud. The intent is a traversable allegation, with which the defendant can take issue, and which the jury must find before he can be convicted. The absence of a proper allegation is fatal to the pleading.