(63 App. Div. 305.)

ACKER, MERRALL & CONDIT v. RICHARDS et al.

(Supreme Court, Appellate Division, Second Department.  July 25, 1901.)

1. CORPORATIONS—DEBTS—LIABILITY OF DIRECTORS—EXCEPTIONS—PROVISO—COMPLAINT—DEMURRER—DEFENSE.

Laws 1895, c. 559, § 11, as amended by Laws 1896, c. 542, providing that the directors of every membership corporation, except a society for the prevention of cruelty to children or animals, and a corporation formed for promoting or maintaining the principles of a political party, shall be liable for any debt of the corporation contracted while they are directors, was further amended by Laws 1899, c. 292, by adding, "provided, however, that no director of a corporation formed for promoting or maintaining the principles of a political party shall be liable for any such debt unless" under certain specified circumstances. *Held*, that in an action against the directors of an incorporated ball club to recover for a debt of the corporation under such statute, as against a demurrer, it is not necessary to allege that such corporation is not formed for promoting or maintaining the principles of a political party, since the section as last amended must be read as though such corporation was eliminated from the exception and only referred to in the proviso, and if the debt was contracted by such a corporation, and in such manner that the directors were not liable, that is matter of defense, to be pleaded by defendant.

2. SAME.

Under Code Civ. Proc. § 519, providing that the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties, and Laws 1899, c. 292, providing that the directors of every membership corporation, except "a corporation for the promotion of agriculture, and which holds annual agricultural fairs," shall be liable for any debt of the corporation contracted while they are directors, a complaint against the directors of a ball club, alleging that it is a corporation organized under Laws 1875, c. 267, need not allege that such club is not a corporation for the promotion of agriculture, since agricultural corporations are organized under Membership Corporations Law, art. 12, §§ 140, 141, providing that there shall be but one such county corporation in each county, and but one such town corporation in each town, and it is not reasonable to suppose that such a corporation would adopt the name of a ball club.

3. DEMURRER—CONSTRUCTION OF PLEADING.

As against a demurrer, a pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment.

Appeal from special term, Richmond county.

Action by Acker, Merrall & Condit against Eugene Lamb Richards, Jr., and others.  From a judgment overruling a demurrer to the complaint, defendants appeal.  Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Arthur A. Michell (Charles P. Howland, on the brief), for appellants.

G. D. B. Hasbrouck, for respondent.

WOODWARD, J.  This is an appeal from an order overruling defendants' demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; the question involved arising under the provisions of section 11 of the member-

71 N.Y.S.—59

ship corporations law, as finally amended by chapter 292 of the Laws of 1899. The complaint alleges "that at all the times hereinafter mentioned the Staten Island Cricket & Baseball Club was a membership corporation, organized and existing under chapter 267 of the Laws of 1875 of the State of New York, and the acts amendatory thereof and supplemental thereto, and that said club is not a society for the prevention of cruelty to children or animals." It is further set out that the Staten Island Cricket & Baseball Club became indebted to the plaintiffs in the sum of $1,039.94; that an action was brought in the supreme court for the recovery of this sum in connection with a larger sum; that an execution was duly issued and returned wholly unsatisfied; and that the present action is brought within one year from the return of such execution. Judgment is demanded against the directors of the said Staten Island Cricket & Baseball Club, under the provisions of section 11 of the membership corporations law, as amended in 1899. The point raised by the defendants is that the pleader should have alleged, in addition to the fact that the Staten Island Cricket & Baseball Club is not a society for the prevention of cruelty to children or animals, that it is not "a corporation for the promotion of agriculture and which holds annual agricultural fairs," or "a corporation formed for promoting or maintaining the principles of a political party"; these clauses having been added to the law as it previously existed. The learned court at special term overruled the demurrer, and we are to review the question of law presented by the appeal.

Section 11 of chapter 559 of the Laws of 1895 provided that:

"The directors of every membership corporation, except a society for the prevention of cruelty to children or animals, shall be jointly and severally liable for any debt of the corporation contracted while they are directors," etc.

This was amended by chapter 542 of the Laws of 1896 so that it provided that:

"The directors of every membership corporation, except a corporation for the prevention of cruelty to children or animals, and a corporation formed for promoting or maintaining the principles of a political party, shall be jointly and severally liable for any debt of the corporation contracted while they are directors," etc.

This was again amended by the provisions of chapter 292 of the Laws of 1899, which provided that:

"The directors of every membership corporation, except a society for the prevention of cruelty to children or animals, a corporation for the promotion of agriculture and which holds annual agricultural fairs, and a corporation formed for promoting or maintaining the principles of a political party, shall be jointly and severally liable for any debt of the corporation contracted while they are directors, payable within one year or less from the date it was contracted, if an action for the collection thereof be brought against the corporation within one year after the debt becomes due, and an execution issued therein to the county where its office is, or where a certificate of its incorporation is filed, be returned wholly or partly unsatisfied; and if the action against the directors to recover the amount unsatisfied be commenced within one year after the return of such execution: provided, however, that no director of a corporation formed for promoting or maintaining the principles of a political party shall be liable for any such debt unless the con-

tracting of the same shall have been specifically authorized by the board of directors at a meeting thereof, and assented to thereat by the directors sought to be charged therewith."

It seems to us entirely clear that in order to give any effect to the provision of the statute making the directors liable for debts contracted in behalf of a political corporation, as indicated in the proviso, it is necessary to entirely eliminate the reference to "a corporation formed for promoting or maintaining the principles of a political party" from the first clause of section 11, as quoted above, and that the legislature could not have intended to except from liability the directors of political corporations, but only to limit it in the manner pointed out in the proviso clause. It is certainly an absurdity to say that the "directors of every membership corporation, except  *  *  *  a corporation formed for promoting or maintaining the principles of a political party, shall be jointly and severally liable for any debt," etc., "provided, however, that no director of a corporation formed for promoting or maintaining the principles of a political party shall be liable for any such debt unless the contracting of the same shall have been specifically authorized by the board of directors at a meeting thereof," etc.  If the clause is an exception, then there is no liability on the part of the directors of a political corporation. It may be that the plaintiff should have negatived the proposition in its complaint; but if the evident intent of the legislature is to be carried out, and the proviso is to be given any force, the whole matter of the liability of the directors of "a corporation formed to promote or maintain the principles of a political party" must be referred to the last clause of the section, where it comes under the well-established rule that "where there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he may plead the clause, and leave it to his adversary to show the proviso." Rowell v. Janvrin, 151 N. Y. 60, 66, 45 N. E. 398. An exception exempts something absolutely from the operation of a statute by express words in the enacting clause; a proviso defeats its operation conditionally; and we are of opinion that the legislature intended that directors of membership corporations "formed for promoting or maintaining the principles of a political party" should be liable to the creditors of the corporation under the conditions named in the proviso clause of the statute as amended in 1899.  It was not necessary, therefore, that the pleading should negative this clause of the statute.

The pleader has already alleged that "said club is not a society for the prevention of cruelty to children or animals," and it only remains to consider the provision in reference to "a corporation for the promotion of agriculture and which holds annual agricultural fairs."  Was it necessary, under the rule that the "allegations of a pleading must be liberally construed, with a view to substantial justice between the parties" (section 519, Code Civ. Proc.), to allege that the Staten Island Cricket & Baseball Club is not "a corporation for the promotion of agriculture and which holds annual agricultural fairs"?  While the action is statutory, it is not inconsistent with natural justice that the plaintiff should be allowed to

recover against the responsible officers of a corporation which is not called upon to have any assets; and the courts, in construing the pleadings, may take judicial notice of the public law of the state, in determining whether the facts alleged are sufficient to constitute a cause of action. We are of opinion that the allegation of the pleadings that "the Staten Island Cricket & Baseball Club was a membership organization, organized and existing under chapter 267 of the Laws of 1875 of the State of New York, and the acts amendatory thereof and supplemental thereto," is a sufficient allegation to warrant a recovery in the present action; that it is, in and of itself, a sufficient negative of the idea that it is a corporation for the promotion of agriculture, etc., to warrant the court in overruling the demurrer. By the provisions of article 12 of the membership corporations law (section 140) it is provided that:

"Ten or more persons may form a county or town agricultural corporation for promoting agriculture, horticulture and the mechanic arts, by making, acknowledging and filing a certificate, stating the particular objects for which the corporation is to be created; the territory in which its operations are to be conducted; the town, village or city in which its principal office is to be located; the number of its directors," etc.

And section 9 of the general corporation law provides that:

"The certificate of incorporation of any corporation duly filed shall be presumptive evidence of its incorporation, and any amended certificate or other paper duly filed or recorded relating to the incorporation of any corporation, or its existence or management, and containing facts required or authorized by law to be stated therein, shall be presumptive evidence of the existence of such facts."

It is evident that the statute contemplated the formation of town or county agricultural corporations, which should be known by the town or county name in which the annual fairs were to be held, for it is provided that "there shall be but one county society in a county, and but one town society in a town" (section 141, art. 12, Membership Corporations Law), and it is further provided that "no certificate of incorporation of a proposed corporation having the same name as an existing domestic corporation, or a name so nearly resembling it as to be calculated to deceive, shall be filed," etc. (section 6, General Corporation Law). It is not within the bounds of reason to suppose that persons meeting for the purpose of organizing an agricultural corporation under the provisions of article 12 of the Membership Corporations Law would adopt the name of the Staten Island Cricket & Baseball Club for the Richmond County Agricultural Society. The provisions of section 31 of the membership corporations law, which permits a corporation to be formed "for any two or more of such purposes of a kindred nature," make it reasonably certain that the Staten Island Cricket & Baseball Club was not organized to promote agriculture, and that it has not taken on the attributes of such a corporation; for it cannot be maintained that a cricket and baseball club is of a kindred with an agricultural society, which is charged with the duty of holding annual fairs and exhibitions and distributing premiums. Section 143, Membership Corporations Law. Each of the several articles of the

membership corporations law provides for the organization of corporations for particular purposes, and each article contains a provision similar to that quoted above for the filing of a certificate which shall set forth the "particular object for which the corporation is to be created"; and the provision of the general corporation law which makes these certificates presumptive evidence of the facts therein contained would seem to open the way to the plaintiff to establish the character and the particular purposes of the Staten Island Cricket & Baseball Club upon the trial under its allegations in reference to the same. For instance, if the defendants should deny the incorporation of the Staten Island Cricket & Baseball Club, the certificate filed with the secretary of state, as provided by section 5 of the general corporation law, or a certified copy of the same (section 933, Code Civ. Proc.), would afford presumptive evidence of the incorporation, and of the facts set forth in the certificate, such as the particular purpose for which the corporation was organized; and, if it did not appear that the corporation was organized for agricultural purposes, the plaintiff would be entitled to recover. The defendants must be presumed to have known the law when they accepted office as directors of the Staten Island Cricket & Baseball Club, and while the pleading may be deficient in technical language or in logical statement, as against a demurrer the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment. Kain v. Larkin, 141 N. Y. 144, 150, 151, 36 N. E. 9, and authorities there cited. We think it may be reasonably gathered from the pleadings that the Staten Island Cricket & Baseball Club is a corporation organized for the purpose of playing cricket and baseball, and incidentally, perhaps, to sell liquid and other refreshments to the patrons of such games; that this corporation bought certain wines, liquors, etc., from the plaintiff; that a judgment has been entered against the corporation, and an execution returned unsatisfied; that the present action has been brought against the defendants, as directors of such corporation, within one year of the return of such execution; and that the plaintiff may establish upon the trial the facts necessary to support this cause of action by putting in evidence a copy of the certificate of incorporation, showing that the Staten Island Cricket & Baseball Club is not a corporation engaged in promoting agricultural fairs.

The order appealed from should be affirmed, with costs. All concur.