### COUNTY COURT—NIAGARA COUNTY.
#### January, 1907.

## THE PEOPLE *v.* BARTLEY LUPTON.

(52 Misc. 336.)

(1). INDICTMENT—LIQUOR TAX LAW, SEC. 31.

An indictment should charge, plainly, concisely and affirmatively the facts constituting the crime. It is not enough to charge them incidentally or by way of description; or obscurely as subordinate facts.

(2). SAME.

An indictment which charges that on a certain Sunday the defendant admitted to the room adjoining that wherein liquors were sold and kept for sale by him certain persons named and divers other persons unknown, not members of defendant's family nor his servants, said adjoining room having an entrance into the other which was open and unlocked, fails to state facts that constitute a crime.

(3). SAME.

Such indictment does not charge the defendant with having admitted persons to a room where liquors were sold or kept for sale, nor does it plainly charge him with having opened or unlocked a door or entrance to such room, as required by Sec. 31 sub. 9 of the Liquor Tax Law.

DEMURRER to an indictment.

*Burt G. Stockwell,* district attorney, for people.

*Abner T. Hopkins,* for defendant.

HICKEY, J. Defendant has been indicted for a violation of subdivision g of section 31 of the Liquor Tax Law. He demurs to the indictment. I think this demurrer must be sustained. Subdivision g, a violation of which is made a misdemeanor, reads as follows:

" To have open or unlocked any door or entrance from the street, alley, yard, hallway, room or adjoining premises to the room or rooms where any liquors are sold or kept for sale during the hours when the sale of liquors is forbidden, except when necessary for the egress or ingress of the person holding the liquor tax certificate authorizing the traffic in liquors at such place, or members of his family, or his servants, for purposes not forbidden by this act; or to admit to such room or rooms any other persons during hours when the sale of liquor is forbidden."

This subdivision defines two distinct offenses. Briefly stated they are as follows: First, having open or unlocked any door from an adjoining room to a barroom except when necessary, etc.; second, admitting to a barroom persons other than members of the family or servants of the occupant during hours when the sale of liquor is forbidden.

Neither of these offenses is the one charged or attempted to be charged in the indictment. The indictment charges that on a certain Sunday the defendant " wilfully and unlawfully did then and there admit to the room adjoining said room wherein the said liquors were then and there sold and kept for sale by him, the said Lupton, the following persons, to-wit: Fred Frazer, William J. Horton, John O'Brien, John T. Smith, —— Fulcher and divers other persons whose names are to this Grand Jury unknown and cannot therefore be given; said persons not being members of the family nor servants of the said Lupton and said adjoining room in which said persons were situate then and there having an entrance into said room, to-wit: the barroom, where the said liquors were so as aforesaid sold and kept for sale by the said Lupton, which said entrance was then and there open and unlocked."

The learned district attorney has misinterpreted the language of subdivision g. He has drawn his indictment upon the assumption that the words " room or rooms " where used in the

statute refer not to the room or rooms in which liquors were sold but to an adjoining room or rooms. Such is not the meaning of the statute. The " room or rooms," admission to which is forbidden by the statute, refer to the room or rooms in which liquors are sold or kept for sale, and not to any adjoining room. Under this statute the admission of persons to a room adjoining one in which liquors are sold is not an offense nor an essential element of any offense whether the door between the two is open or not. Yet it is perfectly plain from the reading of the indictment that the district attorney considered the admission of persons to a room adjoining the barroom, provided the door between the two was open, as the gravamen of the offense defined by the statute and which he was attempting to set forth, and that he regarded the open or unlocked door between such rooms as nothing more than an incidental, descriptive or subordinate fact to the main fact, namely, the admission of persons to the adjoining room. It would never occur to a layman reading this indictment, nor to a lawyer either, that the crime charged therein was having a door open or unlocked between the barroom and an adjoining room, and it is very apparent that the district attorney had no such thought in mind in preparing the indictment. It would be just as easy to construe the indictment as charging an *actual* sale of liquor as to construe it as charging defendant with having open and unlocked a door between the barroom and an adjoining room. Still the indictment can only be sustained by holding that the crime charged is that of having such door open and unlocked. That the district attorney had no such charge in mind, but intended to charge as the gravamen of the offense the admission of persons to a room adjoining that in which liquors were sold, would seem to be taken out of the realm of discussion by the further fact that, instead of negativing the necessity of having the door open or unlocked, he has negatived the relationship of those alleged to have been admitted to Lupton, the occupant of the

building, and the person against whom the accusation is made. His brief filed with the court is to the same effect. The fact that the indictment recited, incidentally or by way of description, that the door between the rooms was open and unlocked cannot save it from condemnation. An indictment should charge, plainly and concisely and affirmatively, the facts constituting the crime. It is not enough to charge them incidentally, or by way of description, or obscurely, as subordinate facts. Especially is this true when the indictment does charge, plainly, concisely and affirmatively, certain other facts which the pleader regards as the gravamen of the crime he is attempting to set forth, although such other facts are in no sense an element of any crime.

But if, by any possibility, it can be said that the indictment charges, plainly and affirmatively and as the gravamen of the offense, the fact that the door between the barroom and the adjoining room was open and unlocked, it is still defective because it does not negative the exception, respecting the necessity of having such door open, contained in the body of the statute defining the crime. That such an exception should be negatived is the rule in both civil and criminal pleadings. *Rowell* v. *Janvrin,* 151 N. Y. 60; *People* v. *Stedecker,* 175 id. 57.

The demurrer is sustained.

Demurrer sustained.