# Court of Appeals.

### December, 1885.

## PEOPLE *v.* JEFFERSON.

INDICTMENT.—EXCISE.—L. 1857, c. 628; L. 1869, c. 856.

The indictment against defendant set forth, in the language of L. 1857, c.
628, § 14, that defendant sold divers strong and spirituous liquors and
wines (naming them) to be drunk in his house, etc., without having
obtained a license therefor as an inn, tavern or hotel-keeper. The
indictment did not state that defendant was not within the exceptions
provided for by the amendatory act of 1869 (L. 1869, c. 856). *Held,*
that it was unnecessary for the indictment to show that defendant was
not within such exceptions.

If there is an exception to the offense declared by a statute, contained in a subsequent clause to that defining the offense, or in a subsequent statute, that is a matter of defense, which need not be negatived by the prosecution, but must be shown by defendant.

APPEAL by I. E. Jefferson from a judgment of the General Term of the Supreme Court in the Fourth Department, of October 20, 1882, affirming a judgment of the Court of Sessions of Wyoming county, Hon. LUCIUS N. BANGS, presiding, of October 5, 1881, convicting defendant of a violation of the excise law of 1857.

The court ruled that there could be no conviction on the first three counts of the indictment, which charged the defendant with selling strong and intoxicating liquors in quantities less than five gallons, without a license.

The fourth count of the indictment (drawn under L. 1857, c. 826, § 14), was as follows :

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said I. E. Jefferson on the 3d day of May, in the year last aforesaid, at the town of Attica and in the county last aforesaid, with force and arms, did unlawfully sell divers strong, spirituous and intoxicating liquors and wines, to be drank in the house, shop, and outhouse of him, the said I. E. Jefferson there situate, that is to say : wines, whisky, beer, lager beer, Dutch beer, ale, gin, rum, brandy, and other strong, intoxicating and spirituous liquors to the jurors aforesaid unknown, without having obtained a license therefor as an inn, tavern or hotel-keeper, contrary to the form of the statute in such case provided, and against the peace of the People of the State of New York and their dignity."

After the defendant had entered a plea of not guilty, and at the trial, his counsel moved to quash the fourth count in the indictment, upon the following grounds :

1st. That it is bad for duplicity and multifariousness in charging different offenses of different degrees.

2d. The count is disjunctive.

3d. More than one crime is stated in the count.

4th. The count does not state or allege facts constituting a crime.

5th. The count is indefinite and indistinct as to the precise crime alleged to have been committed.

6th. That it was not necessary for the defendant to have a license as an inn, tavern or hotel-keeper, to sell, to be drank on his premises, all of the liquors mentioned in said count, and that therefore it is bad.

The motion was denied, and the defendant excepted. The motion was renewed at the close of the evidence.

*M. E. & E. M. Bartlett*, for defendant.—No conviction should have been had upon the fourth count in the indictment. The laws of 1857, provided for but two kinds of licenses, for the retailing of malt and spirituous liquors; one could be granted to the keepers of hotels, taverns or inns, the other denominated " store-keepers." The former were allowed to sell liquor in quantities less than five gallons, to be drank on the premises; the latter were also allowed to sell by small measure, but not to be drank on the premises. Under the then existing law, to these two classes, and none others, could licenses be granted. Then came the amendatory act of 1869, which did not affect inn, tavern or hotel-keepers, but authorized the licensing of persons, in the discretion of the commissioners, to sell ale and beer, but without any express provision as to whether or not the same might be drank on the premises where sold.

This amendatory act, therefore, provides for the licensing of a third class of persons, two only of which classes it is necessary to consider, to wit: hotel, and ale and beer licenses. The right to sell, to be drank on the premises, is expressly given to inn, tavern and hotel-keepers, by the act of 1857; and in the case of O'Rourke *v.* People, 3 *Hun*, 232, it is held that under the amendatory act of 1869, the license to sell ale or beer, gave the right to sell the same to be drank on the premises.

The amendatory act of 1869, therefore, qualifies every section of the law of 1857, which by express terms or necessary implication forbids the granting of licenses to sell ale or beer, so that to every section of the law of 1857, there must be understood to be an exception, which will give the amendatory act due effect.

There are, therefore, two exceptions to section 14 of the

laws of 1857, forbidding the granting of licenses, etc.; one is that persons may be licensed to sell strong and spirituous liquors, etc., in quantities of less than five gallons, to be drank on the premises, when they propose to keep an inn, tavern or hotel; the other exception is, that persons may be licensed to sell ale or beer, in quantities of less than five gallons. In both of the foregoing provisions, the liquor so sold may be sold to be drank on the premises.

The indictment charges that the plaintiff sold strong, spirituous and intoxicating liquors, consisting of whisky, brandy, ale and beer, to be drank on his premises, etc., without having a license therefor, as an inn, tavern or hotel-keeper.

The rule of pleading, in indictments is, as laid down by all the elementary writers, " that a party pleading must show that his adversary is not within the exceptions."

*J. Sam. Johnson,* district attorney, for the people, respondent.

DANFORTH, J.—The indictment in question was found in May, 1881, and as the Code of Criminal Procedure had not then taken effect (§ 963), it is to be construed without regard to the provisions of that act. The indictment contains four counts. At the close of the evidence, the court, on motion of defendant's counsel, ruled that there could be no conviction under the first three counts; but against the exception of the defendant's counsel, submitted the case to the jury as one in which the defendant, might be found guilty under the fourth count, saying to the jury : "You are only to consider whether or not the defendant, at the time and place mentioned in the indictment, sold strong, spirituous and intoxicating liquors, to be drank on his premises, without having a license therefor as an inn, tavern, or hotel-keeper." There was no exception to this charge, but it followed a denial of a motion by the defendant's counsel to direct a verdict of not guilty upon the indictment generally, and an unsuccessful motion by the defendant's counsel, to quash the fourth count in the indictment, upon the ground, among other things, that it was not necessary to have a license as an inn, tavern, or hotel-keeper, " to sell to be drank

on his premises, all of the liquors mentioned in that count." The motion was denied, and the exception then taken to the ruling of the court is the only error now relied upon.

The indictment was evidently drawn under section 14 of the act entitled, " An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed in 1857, and constituting chapter 628 of the laws of that year.

That section 14 (*supra*), prohibits the sale of such liquors by any person "to be drank in his house, or shop, or any out-house, yard, or garden thereof, without having obtained a license therefor as an inn, tavern, or hotel-keeper," and it is obvious that if this were all, the appeal would be without merit; but in 1869, the act of 1857 was amended (*Laws* of 1869, ch. 856), and among other things it was declared by section 4, that the provisions of the act of 1857, should be held " to apply to the sale of ale or beer, except so much thereof as forbids the granting a license to any person, except such persons as propose to keep inn, tavern, or hotel," and the commissioners of excise were authorized, in their discretion, to grant a license for the sale of ale or beer, to persons other than those who proposed to keep an inn, tavern, or hotel. By these provisions, the operation of the act of 1857 was restricted (People *v.* Smith, 69 *N. Y.* 175), and a new exception added to that already given by section 14 of the act of 1857, so that a person might sell ale or beer, to be drank on his premises, if he either kept a tavern there, or had been licensed under the act of 1869.

It is not suggested by counsel on either side, that the act of 1870, chap. 175, regulating the sale of intoxicating liquors, has in any respect contravened the provisions of the acts of 1857 and 1869, to which I have referred. The precise objection raised by the learned counsel for the appellant, is that the indictment does not allege, either in form or substance, that defendant had not permission to sell ale or beer; and as such articles are enumerated among those alleged to have been sold, the indictment should have negatived the exception made by the act of 1869 (*supra*). It is no doubt a general rule, that if the statute forbids the doing of any act, without the authority of either one of two things, the indictment must negative the existence of both these things before it can be supported; and

it is well settled that if exceptions are stated in the enacting clause, it would be necessary to negative them in order that the description of the crime may correspond with the statute. But if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the defendant. It has therefore been held, that where the statute imposes a penalty on the selling of spirituous liquors without a license, it is necessary to aver the want of a license in the indictment. But in Fleming v. People (27 *N. Y.* 329), it was said to be unnecessary, in an indictment for bigamy, to negative certain exceptions, although they were referred to in a section defining the offense, and that, as matter of pleading, as well as proof, it was for the defendant to bring himself within the exceptions, and as illustrating the rule there laid down, the court referrred to the case of a physician practicing without a license, and the selling spirituous liquors without license, saying, the prosecution need not prove the want of qualification.* It was also held, that the omission of such allegations was within the meaning of the Revised Statutes, which declare that no indictment shall be deemed invalid by reason of any defect or imperfection in matters of form, other than those which are enumerated, which shall not tend to the prejudice of the defendant. In either view, therefore, we think the case was well disposed of. The act of 1869 extended the authority of the commissioners to grant a license for the sale of ale or beer, and affected many of the provisions of the act of 1857. But the indictment contains the language of section 14 of that act, and stated an offense. We think that was enough. The defendant was at liberty to show either that he had a license to sell strong or spirituous liquors, as provided in the fourteenth section of the act of 1857, or a license for the selling of ale or beer under the act of 1869. He did neither. The record shows that the evidence on the part of the people tended to prove that the defendant sold strong and intoxicating liquors in quantities less than five gallons, to be drank on his premises, and that the same were so drank on his premises, and rested.

---

* So held in the case of one practicing medicine without a diploma. People v. Nyce, 3 *N. Y. Crim. Rep.* 50.

The character of the liquor does not appear; but the defend-
ant then proved by the admission of the district attorney, that
he had a license covering the periods alleged in the indictment,
and mentioned in the evidence, "for the sale of strong and
spirituous liquors in quantities less than five gallons, not to be
drank on the premises." No other evidence was given by
him, and it is clear that he neither negatived the exception in
section 14 of the act of 1857, nor brought himself within the
proviso or condition of section 4 of the act of 1869. Under
the circumstances, we think the court committed no error, and
that the judgment rendered upon the conviction was properly
affirmed by the General Term.

The judgment appealed from should therefore be affirmed.

All concur.

---

## Supreme Court—General Term—Fifth Department.