The certificate was a license for the building, (*People* v. *Hamilton,* 47 N. Y. Supp. 181) and the words " actually lawfully carried on " should be given such construction as would carry out the intent of the legislature. (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; also 95 N. Y. 558; 10 N. Y. 369; 21 N. Y. 461; 13 N. Y. 78; 22 Wend. 397; 6 Hill, 619.)

This proceeding could be brought only by the owner of a building within two hundred feet, as such a provision is made for the protection of such owners.

Clarence A. Farnum, for respondent.

No traffic was carried on on March 23, 1896, for the premises were vacant. Duke had a license which expired May 1, 1896, but such license could not avail the appellant, for his own certificate was not granted until August 31, 1896. (*People ex rel. Cairns* v. *Murray,* 148 N. Y. 175; *Matter of Zinzow,* 18 Misc. 653; *Matter of Ritchie,* 18 Misc. 341; *People ex rel. Sweeney* v. *Lammerts,* 18 Misc. 343, affd. 14 App. Div. 628.)

Order affirmed, with costs.

All concurred, except WARD, J., not voting.

---

Supreme Court, New York Special Term, December, 1897. Unreported.

Matter of the Application of HENRY H. LYMAN, as Commissioner, to Revoke the Liquor Tax Certificate of TRUE FRIENDS SOCIAL AND LITERARY CLUB.

STOVER, J. This is an application for the cancellation of a liquor tax certificate by reason of the violation of the law by the sale of liquors within prohibited hours. This is one of a number of clubs, so-called, where liquor is sold to any person applying for membership in the club, which is accomplished by the purchase of a ticket, or the procurement of a ticket entitling the holder to admission to the club-room. There is no doubt that liquor was sold within the prohibited hours, viz., between the hours of one and five o'clock a. m., and on Sunday. Section

31 of the Liquor Tax Law provides: " It shall not be lawful for any corporation, association, copartnership or person, whether having paid such tax or not, to sell, offer or expose for sale, or give away, any liquor: (a) on Sunday, or before five o'clock in the morning on Monday; or (b) on any other day between one o'clock and five o'clock in the morning    *    *    *." By a subsequent provision of the act it is provided " That a corporation or association organized in good faith, under chapter 559 of the Laws of 1895, or under any law which, prior to May 6, 1895, provided for the organization of societies or clubs for social, recreative or similar purposes, and which corporation or association was actually lawfully organized, and, if a corporation, its certificate of incorporation duly filed prior to March 23, 1896, and which at such date trafficked in or distributed liquors among the members thereof, is excepted from the provisions of clauses ' a,' ' b,' ' c ' and ' d ' of this section    *    *    *." It is claimed by the respondent that the burden is upon the petitioner to show that the respondent is not a club within the exception of the statute. No evidence being offered upon that subject, and the testimony not disclosing the fact, it is claimed that the petitioner has failed to make a case calling for the cancellation of the certificate. The object of the corporation, as set forth in the articles of incorporation, are stated to be " The improvement of its members in the arts of oratory, composition and debate; the fostering of a knowledge of and appreciation for English literature, and the promotion of social and friendly intercourse among its members." The presumption is that the society is engaged in carrying out the purposes of its incorporation, and, in doing so, performing such acts as are directly involved in or incident to such purposes; but it cannot be said that the sale of liquor is either a portion of or necessarily incident to the business of carrying out the purposes of the incorporation. The presumption would, therefore, be, rather, that the society was not engaged in the sale of liquor than that it was. And if the rule of law was such as is contended for by the respondent, slight evidence only would be necessary to sustain a finding that the association was not engaged in the traffic of liquor prior to March 23, 1896; the facts being almost exclusively within the knowledge of the members of the corporation themselves, and the proof of the facts accessible to the corporation, and not to the petitioner. It may be readily seen

that the principle involved is identical with that formerly arising under prosecutions for selling without a license, and the rule may be said to have been definitely settled that upon prosecutions for selling liquor without a license, the holder of the license is bound to show his license as a matter of defense, the sale having been proven. People v. Quandt, 2 Parker's Crim. Rep. 410; Smith v. Joyce, 12 Barb. 31; People v. McIntosh, 5 N. Y. Crim. Rep. 38; Jefferson v. People, 101 N. Y. 19; People v. Briggs, 114 id. 56. These cases cited are criminal cases, where the rule of evidence would apply perhaps more strictly than in civil cases, and I take it these applications are governed by the rules pertaining to civil cases, rather than criminal. So, in Rowell v. Janvrin, 151 N. Y. 60, the rule is stated to be: "That when a party counts upon the enacting clause of a statute containing an exception, as the foundation of his action, he cannot logically state his case unless he negative the exception. But if the modifying words are no part of the enacting clause, but are to be found in some other part of the statute, it is otherwise, and he may then state his case in the words of the enacting clause, and it will be prima facie sufficient." And again, "When a statutory enactment is modified by engrafting upon it a new provision, by way of amendment, providing conditionally for a new case, such modification is in the nature of a proviso." The distinction being made, "An exception takes out of the statute something that otherwise would be part of the subject-matter of it; a proviso avoids them by way of defeasance or excuse." The case of Rowell v. Janvrin arose upon a * * * in an action to enforce a stockholder's liability, and it was held that it was not essential to the statement of the cause of action to negative the exception, and the reason of the rule, as stated by the text-writers, is, that the fact as to the transaction is peculiarly within the knowledge of the party for whose benefit it is invoked. And, therefore, it is said in such cases, but slight evidence is sufficient to sustain the burden of proof, and as has been seen in peculiar cases arising under the statute, the burden is put upon the party seeking to avail himself of the privilege or exception of proving himself entitled thereto. And when we consider the language of the section under consideration, it seems to me to be quite clear that the Legislature intended this construction should be put upon it; for, by the first provision of the law, all persons, associations, corporations, etc., are included within the prohibition,

and by a subsequent enactment, the exception is made as to associations formed and conducting business in a specified manner. Coupled with this, the fact that the party, against whom the law is invoked, always has it within his power to prove the situation, and that the petitioner is almost powerless to obtain the evidence thereof, it seems to me that it would be unreasonable to hold that a petitioner, under a law of this character, was bound to negative, in the first instance, the exception provided by the statute. And again, upon an application, no discretion is vested in the officer granting the certificate. He has no power to investigate, but it is his duty to issue the license upon the payment of the fee, proper application being made. So it may be seen that when the party who is selling liquor is called upon to answer therefor he must stand prepared to show that he is exercising his right under a due authority and a proper license. It is no hardship for the respondent to show the fact in that regard, and the rules of evidence ought not to be so interpreted as to defeat the law, where no injury is done to any party, and a reasonable interpretation would fully accomplish the purposes of the statute. If I am correct in the views above stated, the petitioner has sustained the allegations of his petition, and the tax certificate must be delivered up to be canceled.