THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEROY T. BRADFORD, Appellant.

Third Department, May 2, 1917.

**Conservation Law — violation of section 185 — action to recover penalty for refusal to exhibit hunting license — pleading — complaint — failure to allege exception in statute.**

A complaint in an action to recover a penalty for a violation by the defendant of section 185 of the Conservation Law, in refusing to exhibit his hunting license is insufficient, where it does not allege that the defendant was not one of the persons excepted by the statute from the duty of procuring a license.

As the statute limits the requirement for a license to persons who are not the owners or lessees of farm land and in possession of the same, if the defendant was in fact the owner or lessee of farm land on which he was hunting and in possession of the same, he was not bound to have the license at all and could not be subject to the penalty prescribed.

KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendant, Leroy T. Bradford, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 31st day of October, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Frank Talbot,* for the appellant.

· *Egburt E. Woodbury, Attorney-General* [*William T. Moore, Assistant Deputy Attorney-General,* of counsel], for the respondent.

WOODWARD, J.:

This is an action to recover a penalty for a violation of the provisions of section 185 of the Conservation Law. (See Consol. Laws, chap. 65 [Laws of 1911, chap. 647], § 185, subd. 6, added by Laws of 1912, chap. 318, as amd. by Laws of 1913, chap. 508.) The complaint alleges on information and belief that " on or about the 18th day of October, 1915, the * * * defendant, * * * in the county of Fulton, State of New York, while hunting game animals or birds, did wrongfully and unlawfully refuse to exhibit his license, which had been previously issued to said defendant so to hunt, for inspection, to James Lampman, a person who then and there requested to see the said license, which refusal was contrary to the form of the statute in such case made and provided and contrary to and in violation of the provisions of the Conservation Law of the State of New York and the laws amendatory thereof and supplemental thereto, and that thereby the said defendant incurred and became liable to the plaintiffs for the penalty of sixty dollars," etc. The answer admits that the defendant refused to display his license to the person demanding to see it, and alleges affirmatively that the action cannot be maintained for the reason that in a certain criminal action or proceeding the defendant was subpœnaed and sworn as a witness, etc.

Whether this new matter, not alleged as a defense, was sufficient to defeat the action, if the evidence in support of the same had been submitted to the jury, it is unnecessary to determine. No objection to the form of the pleading appears to have been made, and we are of the opinion that the question of good faith on the part of the defendant and the magistrate before whom the criminal proceeding was held was for the jury, rather than for the court; but in the view we take of the case this is not important. At the opening of the case defendant's counsel moved to dismiss the complaint on the ground that it did not state facts sufficient to con-

stitute a cause of action. This motion was denied and the defendant took an exception, and we are of the opinion that this motion should have been granted.

Subdivision 1 of section 185 of the Conservation Law provides that " No person or persons shall at any time hunt, pursue or kill with a gun, any wild animals, fowl or birds or take with traps or other devices any fur bearing animals, or engage in hunting or trapping *except as herein provided*, without first having procured a license so to do," etc. Subdivision 6 provides that " no person to whom a license has been issued shall be entitled to hunt, pursue, kill or take game animals, fowl and birds or trap fur bearing animals in this state unless at the time of such hunting," etc., " he or she shall have such license on his or her person, and shall exhibit the same for inspection to any protector or other officer or other person requesting to see the same." If the statute had ended here, it may be that the plaintiff would have been entitled to recover upon its complaint, but the 8th subdivision of the same section provides that " the owner or owners of farm land, and their immediate family or families occupying and cultivating the same, or the lessee or lessees thereof and their immediate family or families who are actually occupying and cultivating the same, shall have the right to hunt, kill and take game or trap fur bearing animals on the farm land of which he or they are the *bona fide* owners or lessees," etc. This clause is an exception — exception noted in the 1st clause — to the general provisions of the statute, and in order to state a good cause of action it is necessary to show that the defendant was not the owner or lessee of farm land and in possession of the same. In stating a cause of action arising upon a statute it is an ancient rule that where an exception is incorporated in the body of the clause of a statute, he who pleads the clause ought to plead the exception. (*Rowell* v. *Janvrin*, 151 N. Y. 60, 66.) Here the statute clearly limits the requirement for a license to persons who are not the owners or lessees of farm land and in possession of the same, and if the defendant was in fact the owner or lessee of farm land on which he was hunting, and in possession of the same, he was not bound to have a license at all, and he could not be subject to the penalty

prescribed. It was necessary, as a condition precedent to the incurring of the penalty, that the defendant should require a license to hunt, and until this fact was alleged in the pleading the complaint did not state facts sufficient to constitute a cause of action, and the complaint should have been dismissed on defendant's motion.

The judgment and order appealed from should be reversed.

All concurred, except KELLOGG, P. J., and LYON, J., who dissented.

Judgment and order reversed, with costs, and complaint dismissed, with costs.