SUPREME COURT — APPELLATE DIVISION —
THIRD DEPARTMENT.

July 2, 1917.

## THE PEOPLE v. CUTHBERT RAMSEY.

(179 App. Div. 523.)

HUNTING WITHOUT A LICENSE—INFORMATION—FAILURE TO STATE THAT
DEFENDANT WAS NOT WITHIN STATUTORY EXEMPTION—FAILURE OF DEFEND-
ANT TO OBJECT TO INFORMATION UPON SAID GROUND.

A judgment convicting the defendant of hunting without a license, in
violation of section 185 of the Conservation Law, will not be reversed
on the theory that the information did not charge a crime in that it did
not allege that the defendant was not within the exceptions specified
in said section, where the defendant waived the alleged insufficiency of
the information by appearing, pleading, and proceeding with the trial
with the sole objection that the information was insufficient because it
was made " on information and belief and hearsay," and where it clearly
appears that the defendant knew with what offense he was charged and
for what crime he was being tried.

WOODWARD and SEWELL, JJ., dissented, with opinion.

APPEAL by the defendant, Cuthbert Ramsey, from an order
of the County Court of St. Lawrence county, entered in the
office of the clerk of said county on the 9th day of January,
1917, affirming a judgment of a Justice's Court convicting the
defendant of violating section 185 of the Conservation Law.

*Forrest K. Moreland,* for the appellant.

*James C. Dolan,* for the respondent.

LYON, J.:

That the defendant was guilty of the crime of hunting with-
out a license in violation of section 185 of the Conservation
Law (Consol. Laws, chap. 65 [Laws of 1911, chap. 647],* as

---

* Added by Laws of 1912, chap. 318.—[REP.

amd. by Laws of 1913, chap. 508) was proven beyond a reasonable doubt. The single question involved upon this appeal, as I view it, is whether the judgment of conviction should have been reversed upon a mere technicality which in no way affected the merits and which has never been urged by the appellant.

The defendant was arrested upon a warrant issued upon information laid by a game protector charging that the defendant " did then and there unlawfully, wrongfully, knowingly and wilfully and contrary to the statute in such cases made and provided, commit the crime of misdemeanor by then and there hunting without a license contrary to and in violation of section 185 of the Conservation Law (being chapter 647 of the Laws of 1911, as amended to this date), and that the following named persons can as your informant verily believes, give material testimony in support of said charge. Wherefore, your informant prays that the depositions of this informant and of Mrs. Mary Larock and George W. Larock, witnesses may be reduced to writing and duly subscribed, and that a warrant issue for the arrest of said accused and that he be dealt with pursuant to law." Accompanying the information were the depositions of the two persons above named, the first stating that on January 10, 1916, she saw the defendant crossing the fields of Mr. Barters going towards the Jibway woods with a shotgun, and that his father was with him having a gun, and that they had their hounds with them. The deposition of George Larock stated that on or about that day he saw the defendant hunting with a gun in the town of Oswegatchie, and that on several occasions during the month of January, 1916, he saw the defendant accompanied by his father crossing the fields towards the woods known as the Jibway Swamp, and that each of them had a gun, and that they had their hounds with them. Upon the information and the two depositions a justice of the peace issued a warrant charging the defendant with the

crime of hunting without a license, upon which he was arrested, pleaded not guilty, and gave bail. Adjournments were duly had until August 3, 1916, when the action came to trial before the justice and a jury. Following impaneling and swearing the jury the record states: "Defendant's attorney moved to discharge the defendant on the ground that the information is insufficient, being based on the information and belief and hearsay." The justice denied the motion and the trial proceeded. At the close of the testimony for the People the defendant moved "for a dismissal on the ground that there is not competent evidence in the case tending to establish the offense charged in the information." The court denied the motion. At the conclusion of the evidence, the jury rendered a verdict of guilty, and a fine of thirty-five dollars was imposed upon the defendant, who was to stand committed until the fine should be paid. The defendant then appealed to the County Court of St. Lawrence county, which affirmed the judgment of conviction. Thereupon an appeal was taken to this court from the order of affirmance.

The opinion of my associate favors reversal of the order of the County Court upon the sole ground that the information did not charge a crime for the reason that it did not allege that the defendant was not within the exceptions specified in section 185. I think, however, the defendant must be held to have waived the alleged insufficiency of the information by appearing, pleading and proceeding with the trial under an objection to the sufficiency of the information limited solely to the ground that it was on "information and belief and hearsay." It clearly appears that the defendant knew with what offense he was charged, and for what crime he was being tried. No claim was made upon the trial that the lands upon which the defendant was charged with having hunted were within the exception of section 185. Had the objection now being urged been taken

at the time the defendant was arraigned, or even at the open-
ing of the trial, it is very probable a corrected or second infor-
mation would have been laid and a new warrant issued.   At
least the attention of the prosecution would have been called to
the alleged omission in the information and an opportunity have
been given to supply it, and the alleged insufficiency not have
been waived.   It was held in the case of People v. Jacobs (165
App. Div. 721) that an information which, after giving the
particulars of time and place, charged the defendants with
" then and there hunting without license on Shinnecock Bay,
contrary to and in violation of section 185 of the Conservation
Law," was sufficient.   While it does not definitely appear
whether the exception contained in subdivision 8 was stated in
the information the inference from the report of the case is that
it was not.   Referring to the case of People v. Stedeker (175
N. Y. 57), the court expressly approves the doctrine laid down
in Fleming v. People (27 N. Y. 329).   The language of the
opinion (pp. 67, 68) seems to apply directly to the question
involved in the case at bar and to hold that the information was
good.   However, the defendant has not been prejudiced as to
any substantial right by the alleged omission in the information.
Evidence received upon the trial without objection overwhelm-
ingly established the defendant's guilt, and I do not think this
court is justified in reversing the order of the County Court
upon technical grounds which were neither raised before the
justice of the peace nor before the County Court, nor before
this court upon appeal.

I favor affirmance of the order appealed from.

All concurred, except WOODWARD, J., who dissented in an
opinion in which SEWELL, J., concurred.

WOODWARD, J. (dissenting) :

The defendant was arrested upon a warrant charging him
with a violation of section 185 of the Conservation Law, in

that it was alleged that he had hunted, on or about the 10th day of January, 1916, without having procured the licenses required by law. A jury was called, before the justice of the peace issuing the warrant, and brought in a verdict of guilty, upon which judgment was pronounced. The defendant appealed to the County Court of St. Lawrence county, where the judgment was affirmed, and the case now comes here.

The information charged the defendant with the crime of having hunted without a license, on or about the 10th day of January, 1916, and the evidence fairly justified the jury in finding that the defendant had hunted on the 16th day of January, 1916, and at various times within the month of January, and we are of the opinion that there is no force in the appellant's contention that the evidence failed to establish the offense on the day mentioned. The variance was unimportant and properly disregarded. It is enough that the crime was committed at some time prior to the making of the information, and that it could be so understood from its allegations. (People v. Jackson, 111 N. Y. 362, 369; 6 N. Y. Crim. 393.)

We are not persuaded that the appellant has suggested any good reason for the reversal of this judgment, and yet the motion of the defendant's counsel to discharge the defendant, at the opening of the case, should, in our opinion, have been granted, though not because of the reasons stated. The information charges that the defendant committed the " crime of misdemeanor by then and there hunting without a license contrary to and in violation of section 185 of the Conservation Law." Hunting without a license is not in all cases a misdemeanor, and to properly charge a crime, under section 185 of the Conservation Law (Consol. Laws, chap. 65 [Laws of 1911, chap. 647], added by Laws of 1912, chap. 318, as amd. by Laws of 1913, chap. 508), it is necessary to allege and prove that the defendant, in addition to hunting without a license, is

not the owner or lessee in possession of the farm lands on which the hunting was done, and the various matters contained in subdivision 8 of section 185 of the Conservation Law. In People v. Bradford (178 App. Div. 371) this court held that in an action for a penalty for a violation of this same section it was necessary to the statement of a cause of action that it be alleged that the defendant was not within the exceptions mentioned in the subdivision cited, upon the authority of Rowell v. Janvrin (151 N. Y. 60, 66). No different rule prevails in criminal actions; if an exception is stated in the enacting clause, as in the present instance, it will be necessary to negative it in order that the description of the crime may in all respects correspond with the statute. (People v. Stedeker, 175 N. Y. 57, 67, 17 N. Y. Crim. 376, and authorities there cited.) Section 85 of the Conservation Law provides that " no person or persons shall at any time hunt, pursue or kill with a gun, any wild animals," etc., " or engage in hunting or trapping *except as herein provided,* without first having procured a license so to do," and in subdivision 8 of the same section it is provided that " the owner or owners of farm land, and their immediate family or families occupying and cultivating the same, or the lessee or lessees thereof and their immediate family or families who are actually occupying and cultivating the same, shall have the right to hunt, kill and take game or trap fur bearing animals on the farm land of which he or they are the *bona fide* owners or lessees   *   *   *   without procuring such resident license." Clearly, to establish a crime, it is necessary to show that the defendant is not within the exceptions thus made a part of the enactment; he may have hunted without a license and still have been entirely free from any violation of the statute. The information did not charge a crime, and the evidence before the jury does not supply the defect, as no effort was made to show that the defendant was not the owner or

lessee of the premises where the alleged hunting is supposed to have been done.

The judgment of the County Court and of the Justice's Court should be reversed.

SEWELL, J., concurred.

Order affirmed.