PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
EDWARD M. WILLI, Defendant.

(County Court, Delaware County, October, 1919.)

Constitutional law — constitutionality of § 30(P) of the Liquor
Tax Law — construction of statutes — when unlawful to pos-
sess liquors in dry territory — burden of proof — evidence —
physicians — indictments — State Constitution, art. 1, § 6 —
United States Constitution, 14th amendment — Liquor Tax
Law, § 8 (1, 2, 3).

A statute should be construed so as to effectuate the legis-
lative intent if possible.

The legislature intended that the provisions of subdivision P
of section 30 of the Liquor Tax Law should only operate pros-
pectively.

The first sentence of subdivision P of section 30 of the
Liquor Tax Law that " It shall not be lawful," etc., should be
read as though it declared " It shall not hereafter be lawful
for any person, etc., to sell, expose for sale, give away liquors,
etc., if they shall have knowledge or reason to believe that such
liquors are sold, etc., to a person in a city or town where the
business of trafficking in liquors is prohibited."

It is unlawful under subdivision P of section 30 of the
Liquor Tax Law to possess liquors in dry territory unless the
same is prescribed by a physician, and though an indictment
charging a violation of the statute alleges that the liquors
possessed by defendant were not so prescribed, the prosecution
need offer no evidence on the point, but the *onus probandi* is
upon the defendant to show, as a fact peculiarly within his
own knowledge, that he had a physician's prescription to have
the liquors in his possession.

The words " in any quantity " after the word " liquors " in
said subdivision of section 30 of the Liquor Tax Law are mere
surplusage and it must be held that the legislative intent was
to prohibit the possession of liquor.

The provision of subdivision P of section 30 of the Liquor
Tax Law that it shall not be lawful for a person to have
liquors in any quantity in his possession in any city or town
where trafficking in liquors is prohibited under subdivisions 1,

County Court, Delaware County, October, 1919.    [Vol. 109.

2 and 3 of section 8 of the Liquor Tax Law, except where prescribed by a duly licensed physician, etc., violates neither section 6 of article I of the State Constitution nor the fourteenth amendment to the Federal Constitution; nor does it deprive the citizen of liberty or property within the guarantees of those instruments.

Motion in arrest of judgment and for a new trial.

Defendant, Edward M. Willi, was indicted by a grand jury of the county of Delaware for violation of subdivision P of section 30 of the Liquor Tax Law for having in his possession in the town of Hancock in said county on or about the 7th day of April, 1919, four gallons of whiskey, the said town of Hancock then being a town in which the business of trafficking in liquors under subdivisions 1, 2 and 3 of section 8 of the Liquor Tax Law was prohibited by the result of a local option vote.

The defendant was duly tried and convicted at a term of the Delaware County Court before a jury. The evidence fully established possession of the liquor in question by defendant and that the town of Hancock was a dry town. No evidence was offered by defendant. At the close of the evidence a motion was made to discharge the defendant and dismiss the indictment which was denied. After the rendition of the verdict of the jury, the defendant moved upon the same grounds that judgment be arrested and the court grant a new trial upon the ground the verdict was contrary to law. This motion was entertained.

Defendant's motion is based substantially upon the following grounds:

*First.* That the People failed to prove facts sufficient to convict the defendant of the crime alleged in the indictment or of any crime.

*Second.* That the People failed to prove that the

liquor in the possession of defendant was not pre-
scribed by a duly licensed physician for the medicinal
use of defendant or for some other person for which
such liquors were duly prescribed.

*Third.* That the People failed to prove that the
liquors found in defendant's possession were not
manufactured by defendant and stored by him as
authorized and permitted by subdivision P of section
30 of the Liquor Tax Law.

*Fourth.* That the statute charged in the indictment
to have been violated is unenforceable and void
because of uncertainty, because it does not define the
amount of liquor which constitutes the quantity which
a person is permitted to possess.

*Fifth.* That the provision of the statute which the
indictment charges has been violated is unconstitu-
tional, being in violation of section 6 of article 1 of
the Constitution of the state of New York, in that it
deprives a person of liberty and property without due
process of law.

E. E. Conlon, for motion.

H. J. Hewitt, district attorney, opposed.

McNAUGHT, J.   The grounds upon which the motion
of defendant is based are practically that the evi-
dence was insufficient to convict and in support of
this contention, two propositions are seriously and
earnestly urged by the learned counsel for the defend-
ant.   Upon these two propositions the determination
of the motion depends.   It is contended *first,* that it
was incumbent upon the part of the People to prove
that the liquor in the possession of the defendant was
not '' prescribed by a duly licensed physician for the
medicinal use of the defendant or of some other person

for whom such liquors were so prescribed." It is urged that the indictment having contained this negative averment, the People were bound to prove the defendant did not possess such prescription.

The second proposition which is seriously urged is that the statute is unconstitutional in that it deprives a person of liberty and property without due process of law in violation of section 6 of article I of the Constitution of the State of New York.

Subdivision P of section 30 of the Liquor Tax Law provides as follows: " It shall not be lawful for any person, persons or corporation, either having or not having paid a tax as provided in section eight of this chapter, and either holding or not holding a liquor tax certificate issued under this chapter, to sell, offer, or expose for sale or give away liquors in any quantity, to be taken away from the premises where sold, if such person, persons or corporations shall have knowledge or shall have reason to believe that such liquors are to be sold, delivered or given away to or by any person in a city or town wherein the business of trafficking in liquors under subdivisions one, two and three of such section eight is prohibited by reason of the result of a vote. on local option questions, and it shall not be lawful for a person to have liquors in any quantity in his possession in any city or town where trafficking in liquors is so prohibited under such subdivisions, except when prescribed by a duly licensed physician for the medicinal use of such person or of some other person for whom such liquors were so prescribed."

The provisions referred to in subdivision P are all contained in one sentence. Under this subdivision it is unlawful to possess liquors in dry territory unless prescribed by a physician. It was clearly incumbent upon the People in an indictment charging a violation of subdivision P to allege that the liquors possessed

by the defendant were not prescribed as required by such subdivision and the indictment so charges.

It is undoubtedly a general rule of law that an exception in the enacting part of a statute must be negatived in pleading, while a proviso need not, and where an exception is incorporated in the body of the clause of the statute, he who pleads the cause ought to plead the exception. *Harris* v. *White,* 81 N. Y. 532.

It is well settled that if exceptions are stated in the enacting clause, it is necessary to negative them in order that the description of the crime may correspond with the statute, but if there be an exception in a subsequent clause or subsequent statute, that is a matter of defense to be shown by the defendant. *Jefferson* v. *People,* 101 N. Y. 19; *Rowell* v. *Janvrin,* 151 id. 60; *People* v. *Stedeker,* 175 id. 57, 67.

The sole question in reference to this contention on the part of the defendant is whether or not, having negatived the exception in the indictment, it was incumbent upon the People to prove the defendant did not possess a physician's prescription.

Many authorities may be found, both modern and ancient, which tend to sustain both the position of the defendant and of the People in reference to this proposition. It is not deemed necessary to refer to them at length.

To constitute a crime for violation of subdivision P of section 30 of the Liquor Tax Law, the necessary ingredients are (a) the possession of liquor in any quantity; (b) that the liquor is so possessed in a city or town where trafficking is prohibited as the result of a local option vote, and (c) that the person having such liquors in his possession has no prescription therefor from a duly licensed physician.

The failure on the part of the People, in an indictment for a violation of such subdivision P, to allege

each of the above elements would render the indict-
ment fatally defective, but whether the People must
make proof of every ingredient so required to be
pleaded, presents a different question.

It is a well-established rule that where the negative
of an issue does not permit of direct proof or where
the facts come more immediately within the knowledge
of the defendant, the *onus probandi* rests upon him.
*People* v. *Grass,* 79 Misc. Rep. 457; *Fleming* v. *People,*
27 N. Y. 329; *People* v. *Kibler,* 106 id. 321; *Jefferson*
v. *People,* 101 id. 19; *People* v. *Briggs,* 114 id. 56;
*People* v. *Weldon,* 111 id. 569.

This doctrine is illustrated in the cases of practicing
medicine without a license and selling liquors without
a license, and in neither case need the prosecution
prove the defendant had no license.  Cases cited *supra;*
*People* v. *Nyce,* 34 Hun, 298; *People* v. *Maxwell,* 83
id. 157; *People* v. *Somme,* 120 App. Div. 20.

The provision in question is analogous to section
1897 of the Penal Law, paragraph 4 of which provides
that no person over sixteen years shall carry any
pistol or revolver concealed upon his person without
a written license therefor.

It has been distinctly held in the case of *People* v.
*Grass,* 79 Misc. Rep. 457, that upon an indictment for
violation of such section, it is not incumbent upon the
prosecution to prove that no license was issued to the
defendant.

The Conservation Law provides (§ 185) that no
person shall hunt without a license except as provided
under such section, and then sets forth certain excep-
tions, among which is a provision that a person may
hunt upon his own land without a license.

The Appellate Division in this department in the
case of *People* v. *Ramsey,* 179 App. Div. 523; appeal
dismissed, 223 N. Y. 583, held it was not necessary in

an information for a violation of section 185 of the Conservation Law to allege the defendant was not within the exception specified in such section.

Whether the defendant possessed a physician's prescription entitling him to have in his possession four gallons of intoxicating liquor, was a fact peculiarly within his knowledge. The mere production of a prescription by the defendant would terminate the case. To hold, under such circumstances, it was incumbent upon the People to subpœna every physician who might possibly have issued such a prescription, and establish by testimony that no prescription had been issued by him to the defendant would render the law nugatory and lead to absurdity in the administration of justice.

The contention of the defendant that the People were bound to prove he had no physician's prescription entitling him to possess four gallons of intoxicating liquors, in view of the authorities cited, cannot be sustained.

The defendant also claims the statute charged to have been violated is unenforceable and void because of uncertainty in that it does not define the amount of liquor which constitutes the quantity a person is permitted to possess. The language of the legislative enactment must be given its ordinary meaning. The words " in any quantity " after the word " liquors " in subdivision P of section 30 is to all intents and purposes mere surplusage. The language should be given the same meaning as is given to similar provisions throughout the Liquor Tax Law, and it must be held the legislative intent was to prohibit the possession of liquor. The objection of the defendant in this respect must be overruled.

The defendant argues the People were bound to prove the liquors found in defendant's possession were

not manufactured and stored by him as authorized and permitted by subdivision P of section 30 of the Liquor Tax Law. The provision referred to is in a subsequent part of the statute. If such liquors were manufactured and stored by defendant under circumstances permitted by the section in question it was clearly a matter of defense which the defendant was obligated to prove. Cases cited *supra.*

It is earnestly urged that subdivision P of section 30 of the Liquor Tax Law is unconstitutional in that it deprives a person of liberty and property without due process of law in violation of section 6 of article I of the State Constitution.

Prior to the adoption of the fourteenth amendment to the Federal Constitution, personal rights and rights of property were exclusively matters of state cognizance, and the state courts were the ultimate tribunals for the determination of all questions arising under the constitutional guarantee of life, liberty and property which was found only in the State Constitution. Upon the adoption of the fourteenth amendment there was introduced into the Federal Constitution the provision " nor shall any state deprive any person of life, liberty or property without due process of law." Since the adoption of this amendment to the Federal Constitution, the question whether a state statute infringes the constitutional guarantee when it arises in a state court involves the consideration of both the Federal and State Constitutions, although the ground of construction and decision is identical under either instrument.

In the determination of the question whether a statute violates the provisions of the State Constitution the decision of the state court is conclusive. If the statute is held to be in violation of the State Constitution no federal question is involved. If the state

court sustains the statute federal jurisdiction then attaches, where, as in this case, the point under consideration involves the almost identical language of the State and Federal Constitutions. While, therefore, the decisions of the United States Supreme Court involving the consideration of the fourteenth amendment are not binding, yet as the ground of construction and decision is identical, the respect due to the decisions of our highest judicial tribunal, the fact that to it has been committed the final vindication of all our rights and liberties, and the eternal fitness of things emphasize and enforce the conclusion that its determinations must be given more than mere passing consideration. At the outset of any consideration of legislation relative to the liquor traffic stands the fundamental principle that some natural rights must be and are surrendered or qualified in entering into the social and political state. Such surrender and modification is essential to good government and the proper regulation and well being of society. This primary principle is comprehended under the police power of the state. In the consideration of liquor legislation it must always be borne in mind that the police power is one of society's rights of self protection and that intoxicating liquors are essentially subject to it. *Mugler* v. *Kansas,* 123 U. S. 623; *Pabst Brewing Co.* v. *Crenshaw,* 198 id. 17; *Carleton* v. *Rugg,* 149 Mass. 550; *Bertholf* v. *O'Reilly,* 74 N. Y. 509; *People* v. *New York Carbonic Acid Gas Co.,* 196 id. 421, 436.

The police power which exists in every sovereign state is but another name for that authority to pass all laws for the internal regulation and government of the state necessary for the public welfare. The existence of the power is universally recognized, and all persons, all property, all business and other private

interest may be affected by it.   Given this power, the legislature regulates the uses of property, prescribes rules of personal conduct, and in numerous ways supervises and controls the affairs of men in their relations to each other and to the community at large to secure the mutual and equal rights of all, and to promote the health, morals, general welfare and interests of society.   *People* v. *Budd,* 117 N. Y. 14; *People* v. *Lochner,* 177 id. 145, and cases cited.

The police power has its limitations.   It cannot be arbitrarily exercised so as to deprive the citizen of his liberty or property, but a statute enacted under the power does not work such a result in a constitutional sense merely because it imposes burdens, abridges freedom of action or regulates occupations or subjects individuals or property to restraint in matters that affect the public interest and general welfare or the rights of others.   Legislation under the police power only infringes upon the constitutional guarantees when it extends to subjects not within its scope as that power was defined and understood when the Constitution was adopted.   Cases cited *supra.*

It is a well-settled principle that the legislature has the power to enlarge the catalogue of public nuisances and to declare places or property used or possessed to the detriment of the public interest or to the injury of the health, morals or welfare of the community public nuisances.   The right of the legislature by a new statute to impose upon property held or used in the violation of law the character of a public nuisance is generally admitted.   *Lawton* v. *Steele,* 119 N. Y. 226.

The exercise of the police power may incidentally affect property rights and according to established usages and recognized principles familiar to courts, even these powers are not without limitations as they can be exercised only to promote the public good and

are always subject to judicial scrutiny. *Forster* v. *Scott,* 136 N. Y. 584, and cases cited.

The defendant relies chiefly upon the case of *Wynehamer* v. *People,* 13 N. Y. 378. In that case the indictment was for a violation of the Prohibition Act of 1855. The defendant was convicted and the conviction was affirmed by the Supreme Court. The Court of Appeals, however, reversed the judgment holding the entire act was unconstitutional because it substantially destroyed property rights in liquors owned at the time the act took effect. In deciding the case, however, the Court of Appeals distinctly held that it would be competent for the legislature to pass such an act if it was plainly and distinctly prospective as to the property on which it should operate.

The only reported case in this state which considers the constitutionality of subdivision P of section 30 of the Liquor Tax Law is the case of *People* v. *Blanchard,* 105 Misc. Rep. 401, in which a demurrer to an indictment for a violation of such subdivision upon the ground it was unconstitutional because defendants were deprived of their property in liquor without due process of law and their privileges abridged, was overruled. The court in overruling the demurrer in the *Blanchard Case, supra,* says: " Many decisions and legislative enactments since the *Wynehamer* case recognize that, in the exercise of the police power, the government may prohibit the sale or possession of liquors, as well as other kinds of property, without violating the Constitution, whenever such property was acquired."

The United States Supreme Court in the case of *Purity Extract & Tonic Co.* v. *Lynch,* 226 U. S. 192, in the opinion delivered by Mr. Justice Hughes, said: " That the State in the exercise of its police power may prohibit the selling of intoxicating liquors is

County Court, Delaware County, October, 1919. [Vol. 109.

undoubted (citing cases). It is also well established that, when a State exerting its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective. It does not follow that because a transaction, separately considered, is innocuous it may not be included in a prohibition the scope of which is regarded as essential, in the legislative judgment, to accomplish a purpose within the admitted power of the Government (citing cases). With the wisdom of the exercise of that judgment the court has no concern; and unless it clearly appears that the enactment has no substantial relation to a proper purpose, it cannot be said that the limit of legislative power has been transcended. To hold otherwise would be to substitute judicial opinion of expediency for the will of the legislature, a notion foreign to our constitutional system."

In the leading case of *Mugler* v. *Kansas,* 123 U. S. 623, in passing upon the right of a state to prohibit the manufacture or sale of intoxicating liquors, and also upon the right of a state to prohibit any citizen from manufacturing for his own use intoxicating liquor, Mr. Justice Harlan, delivering the opinion of the United States Supreme Court, said " it is difficult to perceive any ground for the judiciary to declare that the prohibition by Kansas of the manufacture or sale, within her limits, of intoxicating liquors for general use there as a beverage is not fairly adapted to the end of protecting the community against the evils which confessedly result from the excessive use of ardent spirits. There is no justification for holding that the State, under the guise merely of police regulations, is here aiming to deprive the citizen of his constitutional rights; for we cannot shut out of view the

fact, within the knowledge of all, that the public health, the public morals, and the public safety, may be endangered by the general use of intoxicating drinks; nor the fact, established by statistics accessible to every one, that the idleness, disorder, pauperism, and crime existing in the country are, in some degree at least, traceable to this evil. If, therefore, a state deems the absolute prohibition of the manufacture and sale within her limits, of intoxicating liquors for other than medical, scientific, and manufacturing purposes, to be necessary to the peace and security of society, the courts cannot, without usurping legislative functions, override the will of the people as thus expressed by their chosen representatives. They have nothing to do with the mere policy of legislation. Indeed, it is a fundamental principle in our institutions, indispensable to the preservation of public liberty, that one of the separate departments of government shall not usurp powers committed by the Constitution to another department. And so, if, in the judgment of the legislature, the manufacture of intoxicating liquors for the maker's own use, as a beverage, would tend to cripple, if it did not defeat, the effort to guard the community against the evils attending the excessive use of such liquors, it is not for the courts, upon their views as to what is best and safest for the community, to disregard the legislative determination of that question. So far from such a regulation having no relation to the general end sought to be accomplished, the entire scheme of prohibition, as embodied in the constitution and laws of Kansas, might fail, if the right of each citizen to manufacture intoxicating liquors for his own use as a beverage were recognized. Such a right does not inhere in citizenship. Nor can it be said that government interferes with or impairs any one's constitu-

tional rights of liberty or of property, when it determines that the manufacture and sale of intoxicating drinks, for general or individual use, as a beverage, are, or may become, hurtful to society, and constitute, therefore, a business in which no one may lawfully engage. Those rights are best secured, in our government, by the observance, upon the part of all, of such regulations as are established by competent authority to promote the public good. No one may rightfully do that which the lawmaking power, upon reasonable grounds, declares to be prejudicial to the general welfare.''

The same court in the case of *Clark Distilling Co.* v. *Western Maryland R. Co.*, 242 U. S. 311, involving the constitutionality of both the Webb-Kenyon Act and the prohibition law of the state of West Virginia, in effect held a prohibition of possession for personal use was a valid exercise of police powers.

In the case of *Crane* v. *Campbell*, 245 U. S. 304, the United States Supreme Court seems to have decisively settled the question here involved in construing an act of the legislature of the state of Idaho which provided: '' It shall be unlawful for any person to import, ship, sell, transport, deliver, receive or have in his possession any intoxicating liquors except as in this Act provided,'' and in a subsequent section provided further, '' It shall be unlawful for any person, firm, company, corporation or agent to have in his or its possession any intoxicating liquors of any kind for any use or purpose except the same shall have been obtained and is so possessed under a permit authorized by this act.''

The defendant was arrested and held in custody by the sheriff, being charged with having in his possession a bottle of whiskey for his own use and benefit and not for the purpose of giving away or selling the same to

any person within a certain prohibition district in the state of Idaho in violation of the statute above quoted.

He sued out a writ of habeas corpus and sought discharge upon the grounds that the provisions of the statute were in contravention of the fourteenth amendment of the Federal Constitution and therefore void. The Supreme Court of Idaho held the law constitutional, and an appeal was taken to the Supreme Court of the United States. The court, in an opinion by Mr. Justice McReynolds, held specifically that under the fourteenth amendment to the Federal Constitution a state may prohibit and punish the possession of intoxicating liquors for personal use. The court said: " It must now be regarded as settled that on account of their well-known noxious qualities and the extraordinary evils shown by experience commonly to be consequent upon their use, a State has power absolutely to prohibit manufacture, gift, purchase, sale, or transportation of intoxicating liquors within its borders without violating the guarantees of the Fourteenth Amendment (citing cases). As the State has the power above indicated to prohibit, it may adopt such measures as are reasonably appropriate or needful to render exercise of that power effective (citing cases). And, considering the notorious difficulties always attendant upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary and unreasonable or without proper relation to the legitimate legislative purpose. We further think it clearly follows from our numerous decisions upholding prohibition legislation that the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no State may abridge.

A contrary view would be incompatible with the undoubted power to prevent manufacture, gift, sale, purchase or transportation of such articles,— the only feasible ways of getting them. An assured right of possession would necessarily imply some adequate method to obtain not subject to destruction at the will of the State.''

Laws of analogous character have been held constitutional. Section 1897 of the Penal Law, prohibiting possession of a weapon capable of being concealed upon the person without a written permit, was held constitutional. *People ex rel. Darling* v. *Warden of City Prison,* 154 App. Div. 413.

Provisions of the Conservation Law relative to the possession of game, regulating the times and manner in which it can be taken and prohibiting hunting without a license, have been repeatedly passed· upon by the courts and held constitutional and valid exercises of the police power. *Ex rel. Silz* v. *Hesterberg,* 211 U. S. 31; *People ex rel. Hill* v. *Hesterberg,* 184 N. Y. 126; *Phelps* v. *Racey,* 60 id. 10; *People* v. *Call,* 86 Misc. Rep. 246. The legislature, in view of the authorities cited and many others which might be cited, had the undoubted right, under the police power, to enact the statute in question. The only possible doubt as to its validity is caused by its apparent application to property in liquor, acquired before the enactment took effect, but this doubt is clearly dispelled by the authorities cited.

It is a well-settled rule that every presumption should be indulged in favor of the constitutionality of a legislative act, and that such act should not be declared unconstitutional unless it is manifestly so. *People ex rel. Doscher* v. *Sisson,* 180 App. Div. 464; *Ives* v. *South Buffalo R. Co.,* 201 N. Y. 271.

Applying the well-established rules of statutory

construction, and bearing in mind the principle that the language of a statute shall be so construed as to effectuate the legislative intent if such construction is possible, a careful reading of subdivision P of section 30 of the Liquor Tax Law indicates that the legislative intent was to apply the provisions of the new subdivision to future acts only. The portion of the section applicable to this case is the first sentence only. Quoted *supra.*

The enactment should be read the same as though it said " it shall not hereafter be lawful for any person, etc., to sell, expose for sale, give away, etc., liquors if they shall have knowledge or reason to believe that such liquors are sold, etc., to a person in a town where the business of trafficking is prohibited," for such prohibition could only affect future acts and manifestly was so intended. Then follows in the same sentence the provision which is here attacked, providing " and it shall not be lawful for a person to have liquors in any quantity in his possession in any city or town where trafficking in liquors is so prohibited except where prescribed by a duly licensed physician, etc." The statute may be said to be crudely drawn. At least it is not scientifically drawn, but the first clause of the sentence in question could only apply to future acts, and it is a reasonable and a proper construction and one which in the judgment of this court the courts have a right to use and so construe the language of the last clause of the sentence as to refer to future acts, the same as though it read " and it shall not hereafter be lawful for a person to have such liquors in his possession, etc."

The conclusion necessarily follows that that portion of the statute which is assailed is a valid exercise of the police power, is not in violation of section 6 of article I of the State Constitution or the fourteenth

amendment to the Federal Constitution, and does not deprive the defendant of liberty or property within the guarantees of such instruments.

The motion of the defendant is denied.

Motion denied.